### R. C. CADE V. THE STATE.

No. 10732.    Delivered May 25, 1927.

Rehearing denied June 24, 1927.

**1.—Robbery—Charge of Court—On Principals—Held, Proper.**

Where the testimony on a trial for robbery raised the issue of appellant's participation in the offense, by being present at the scene of the robbery on the outside of the building in which it took place, the court properly charged on the law of principals.

**2.—Same—Evidence—Acts of Co-Defendants—Properly Admitted.**

Where the state ruled upon circumstantial evidence to connect appellant with the offense, which was committed by two others, there was no error in admitting proof of the acts and conduct of his co-defendants in the robbery.

**3.—Same—Circumstantial Evidence—Scope Of.**

Where the state relied upon circumstantial evidence for a conviction, there was no error in permitting proof of a demonstration with an automobile, identified as the property of appellant, and which made a peculiar noise when running, to identify the noise of that car, with the noise of the car used in the robbery.

**4.—Same—Evidence—Arrest of Appellant—In Company With Co-Defendants—Properly Received.**

There was no error in permitting the state to show that appellant was

arrested in Fort Worth in company with his two co-defendants, both of whom were positively identified as the two men who committed the robbery.

**5.—Same—Evidence—Properly Admitted.**

Proof that appellant was arrested in the office of the Fort Worth Ice & Cold Storage Company was properly admitted, such fact did not tend to show, according to this record, any connection of appellant with another offense.

**6.—Same—Continued.**

Nor was there any error in admitting the testimony of an officer who arrested appellant at the Fort Worth Ice & Cold Storage Company, that at the time of his arrest appellant was inside the office of the company looking at a telephone book.

**7.—Same—Evidence—Objections To, Sustained—No Error Shown.**

Where an officer testified to acts of appellant after his arrest, and appellant's objection to the testimony was sustained, no motion having been made by appellant to instruct the jury to disregard such testimony, no error is presented.

**8.—Same—Evidence—Search of Co-Defendant—Held Admissible.**

There was no error in permitting the state to introduce nine pistol cartridges found on the person of one of appellant's co-defendants after his arrest, and which were the same size as those used in the pistol with which the robbery was committed.

ON REHEARING.

**9.—Same—No Error Shown.**

On rehearing, in the light of appellant's motion, a re-examination of the record in this case does not disclose any error in the original opinion, and the motion for rehearing is overruled.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of robbery, penalty eight years in the penitentiary.

The opinion states the case.

*Davenport & Crane* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—Appellant was convicted of the offense of robbery, and his punishment assessed at eight years in the penitentiary.

We find in the record fifteen bills of exception.

The first two bills complain because the court charged upon the law of principal when the defense was an alibi. The evidence discloses there were several people present at the commission of the offense, one of whom was not positively identified but was connected with the crime only by circumstantial evitified, but the evidence discloses that he participated in the commission of the offense by remaining on the outside and keeping watch. There is also sufficient evidence in the record to warrant the jury in finding the appellant was actually on the inside and participated in the robbery. The evidence raises both issues, and the court committed no error in charging on the law of principal. The charge given was accurate and correct.

Bill of exception No. 3 complains of the proof of acts and conduct of the co-defendants Henry Helms and W. E. Carter at the time of the alleged robbery, contending that same was not admissible because it was not shown that the appellant had any connection with them or was present at the time they robbed the bakery shop. The state relied on circumstantial evidence to prove that appellant was present, or just outside the building, co-operating with the two co-defendants, who entered the building and robbed the proprietor. The jury having found that the appellant was a principal, acting with the co-defendants, and there being ample proof to justify their conclusion, this evidence would be admissible to prove the corpus delicti of the offense. No error was committed in proving what occurred at the time of the commission of the offense, it being the only logical way in which the state could prove its case. Where circumstantial evidence is relied on for a conviction, every fact and circumstance shedding any light upon the transaction is admissible and should be submitted to the jury for their consideration.

Bill of exception No. 4 complains that the witness Martin Craig was permitted to testify that about a week after the robbery, Harry Bishop, the Assistant District Attorney, brought a blue Oakland automobile to the bakery where the robbery occurred and experimented with the same by starting the motor and accelerating it, and that it made the same kind of a noise as the automobile which the witness Martin Craig had heard on the night of the robbery just as Carter and Helms were leaving his bakery, and that in the opinion of the witness it was the same automobile. It was in evidence that the car used on the night of the robbery made a peculiar and unusual noise or sound, and that the car used in the experiment also made the same peculiar noise or sound. The evidence also knows that the automobile used in making the experiment was the car found in

Fort Worth near the place of the appellant's arrest and afterward returned to Wichita Falls and delivered to the wife of the appellant. At the time the car was found in Fort Worth, there was found in it a coat in which was a letter addressed to the appellant. This was a circumstance in the case, and certainly admissible.

Bills of exception Nos. 5, 6 and 7 present no error.

Bill of exception No. 8 complains that the witness L. C. Wilkerson was permitted to testify that he arrested four men at the Fort Worth Ice & Cold Storage Company on North Main Street in Fort Worth, and that the four men arrested were Carter, Helms, Duckenfield, and the appellant. The fact that the appellant was arrested in Fort Worth with Carter and Helms, the two co-defendants, who were positively identified as the two men who participated in the robbery, is a cogent circumstance tending to connect appellant with the offense charged.

Bill of exception No. 9 complains because the court permitted the witness L. C. Wilkerson to testify that at the time of the appellant's arrest appellant was in the office of the Fort Worth Ice & Cold Storage Company, the objection being that this tended to prove another and different offense. There is nothing in the record indicating or tending to show that the fact that appellant was in the office was any violation of any law or that he was at that time engaged in the commission of another offense. We see no error in the admission of this evidence.

Bill of exception No. 10 complains that the witness Wilkerson was permitted to testify that he was called on an emergency call and started out on North Main Street, that he did not get to where he started, but stopped at the Fort Worth Ice & Cold Storage Company, that the reason he stopped was that he saw four men there—two on the outside and two on the inside of the office—and that two of the men were standing at the window and two were standing out in the rain. The witness was then asked as to what they were doing, and the court sustained the objection as to the others but permitted the state to ask what the appellant was doing, and the appellant then objected for the reason that it did not show or tend to show or throw any light on the transaction for which appellant was being tried, and that it was a long time after the offense was committed, if any was committed. The witness was permitted, over appellant's objection, to testify that the appellant was looking in a telephone directory, and was inside the office, and the witness arrested appellant and took him to the city hall. Any evidence as to what

the appellant was doing at the time he was arrested is admissible as a part of the res gestae of the arrest.

Bill of exception No. 11 complains of the action of the learned trial judge in permitting the witness L. C. Wilkerson to testify that while he was taking the appellant, together with the co-defendants, to the city hall in a car, and while the witness was facing the appellant that the appellant was "monkeying" with the chain of a watch, trying to get it out of his vest, and trying to take the watch out of his pocket, and was trying to unhook the chain out of the button-hole of his vest. This was objected to because the appellant was under arrest and was not properly warned, and was an act of the appellant while under arrest, etc. The court very promptly sustained appellant's objection. The bill does not disclose that the jury was instructed not to consider this evidence, and we find nothing in the record showing where the appellant asked the court, either verbally or in writing, to instruct the jury not to consider said testimony. With the bill and the record in this condition, we see no error in the ruling of the court.

Bill of exception No. 12 sets out the following complaint: L. N. Norwood was called by the state as a witness and testified that he was a police officer in Fort Worth, and was with L. C. Wilkerson when appellant and the two co-defendants were arrested and when they were brought to the city hall, where they were searched. The District Attorney presented to the witness an envelope and asked him if this was Cade's stuff, and, after the witness had testified to certain articles, among which were bullets, he was exhibited another envelope and testified that he took that off of Cade, one of the men who was arrested, and then the witness was asked "How many bullets are there?" Appellant promptly objected to all of this testimony, and especially that concerning what was taken off of Carter, irrelevant, immaterial and prejudicial and occurred while the appellant was under arrest. The court overruled the objection and permitted the witness to testify that there were nine bullets in the envelope, that these were taken off of Carter, and that Carter was one of the men found with the appellant at the time of appellant's arrest. We think this evidence was clearly admissible as a circumstance in the case, since the proof showed a pistol was used by one of the co-defendants at the time of the robbery.

We do not discuss bill of exception No. 13, as it is apparent that the matters complained of go more to the weight of the testimony than to its admissibility.

Finding no errors in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the statement of facts and the record in the light of the appellant's motion for rehearing. We have failed to perceive any weakness in the testimony or error in the rulings of the trial court of which complaint is made which would require or justify a reversal of the judgment.

The motion is overruled.

*Overruled.*