### NEWT HARVEY V. THE STATE.

No. 10900.   Delivered October 19, 1927.

**1.—Driving Auto While Intoxicated—Arrest of Judgment—Attack on Grand Jury—Properly Overruled.**

Where appellant in a motion in arrest of judgment presents the proposition that the grand jury which returned the indictment against him was not selected by a jury commission regularly drawn at a prior term of the court, such question cannot be raised in a motion in arrest of judgment, in the absence of some prior attack on the indictment. Following Estrada v. State, 99 Tex. Crim. Rep. 140, and Victor v. State, 86 Tex. Crim. Rep. 462.

**2.—Same—Evidence—Under Plea of Guilty—Properly Admitted.**

Where appellant had entered a plea of guilty to a charge of driving an automobile while intoxicated, there was no error in permitting the state to introduce proof of his being intoxicated. The object of admitting proof in cases where the accused pleads guilty in a felony case, is to enable the jury to decide upon the punishment which should be inflicted.

Appeal from the District Court of Rains County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for driving automobile while intoxicated, punishment one year in the penitentiary.

Upon the trial of this case appellant, after due warning, entered his plea of guilty. He also made an application for a suspended sentence. The jury did not see fit to accord to him such sentence. No motion to quash the indictment or other preliminary motion appears in the transcript.

Appellant files a motion in arrest of judgment seeking to present the proposition that the grand jury which returned the indictment against him was not selected by a jury commission regularly appointed at a prior term of the court. Such question cannot be raised by a motion in arrest of judgment in the absence of some prior attack upon the indictment. Estrada v. State, 99 Tex. Crim. Rep. 140; Victor v. State, 86 Tex. Crim. Rep. 462.

Appellant has three bills of exception complaining of the introduction of testimony. There appears to be no question of the materiality of the testimony so objected to, upon the proposition of showing that appellant was drunk at the time of the commission of the alleged offense. Appellant insists that having pleaded guilty this amounted to an admission of the fact that he was drunk and would operate to bar the state from going into such proof. We do not think so. The object of admitting proof in cases where the accused pleads guilty in a felony case is to enable the jury to decide upon the amount of punishment which should be given. This is the plain provision of Art. 502, 1925 C. C. P. We know of no rule that would exclude from the

consideration of the jury evidence introduced in such case which sheds any light upon any material issue in the case.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*