# JUNE 9, 1943

REX BEARD V. THE STATE.

No. 22335. Delivered April 7, 1943.
Rehearing Denied May 26, 1943.
Second Motion for Rehearing Denied June 9, 1943.

The opinion states the case.

*C. C. McDonald,* of Wichita Falls, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The offense is murder. The punishment assessed is death.

Appellant was indicted by the grand jury of Taylor County for the offense of murder alleged to have been committed in said county on the 12th day of February, 1942. The venue of the case was changed to Fisher County on application of appellant where, on the 4th day of June, appellant was put upon trial, which resulted in his conviction as above stated.

It appears from the record that at the time of the commission of the alleged offense appellant was confined in the Taylor County jail at Abilene by reason of having been convicted in

the district court of said county for the offense of robbery with firearms and his punishment was assessed at confinement in the State penitentiary for a term of twenty-five years; that while so legally confined in jail he killed Wade Willis, a deputy sheriff, who was preparing to transfer him to Fort Worth for trial in the Federal Court. When the jailer unlocked the door of the cell in which appellant was confined and opened it, he requested appellant to come out into the hallway, which he did, and when Deputy Sheriff Willis attempted to place handcuffs on him appellant requested to be allowed to unbutton his coat, whereupon he drew a pistol and commanded the officers to "get them up." He then shot Mr. Willis in the chest above the heart, inflicting a fatal wound. Both officers were unarmed. The jailer ran downstairs and summoned the sheriff, who exchanged shots with appellant until appellant fell to the floor. He was immediately removed from jail to a hospital for medical attention. An examination of his person revealed that several bullets had pierced his body, but, notwithstanding such wounds, he recovered.

Appellant did not testify nor offer any defense whatever but, on the contrary, entered a plea of guilty, and by motion timely filed admitted that he had smuggled a pistol into his cell for the purpose of making his escape. The plea of guilty was an admission of his identity, intent, motive and malice. However, the State, in accordance with Art. 502, C. C. P., proved by the jailer, who was an eye-witness to the killing of the deceased, all the facts and circumstances leading up to and surrounding the killing, which showed a previously formed design and intent to escape at all hazards, even though he had to go to the extent of killing some one to attain that objective.

Upon the trial of this cause upon its change of venue, appellant's attorney had filed and presented to the court a motion to instruct the State's attorney, not to attempt to introduce in evidence some fifteen judgments of conviction against appellant in other and different counties, all of recent date evidencing appellant's conviction for crime prior to the charge herein inquired about, the punishment for which was pending, the grounds of such motion being that appellant had herein pleaded guilty to the killing of Mr. Willis with his malice aforethought, and that therefore these other and further offenses would be but extraneous crimes not admissible for any purpose, not showing intent, identity, motive or system, nor being res gestae. In such motion the appellant admitted his identity; that he was legally detained in such jail at Abilene; that he procured a pistol

to be smuggled into the jail; that his motive and intent was to effect his escape from such legal confinement, and in attempting to do so, with malice aforethought, he killed Mr. Willis.

Appellant's bills of exception all relate to the fact that the court admitted testimony relative to such further offenses.

It is appellant's contention that since he had pleaded guilty, that none of such previous convictions were admissible against him, he having admitted all the elements of an offense of murder with malice.

Just here we think it worthy of note, however, that nowhere in the statement of facts heard before the jury do we find any of the admissions set forth above as to motive, intent or malice, but merely find an ordinary plea of guilty set forth in the trial court's charge.

That the jury are entitled to hear the facts surrounding and constituting an offense we have no doubt. Art. 502, C. C. P. is as follows:

"Where a defendant in a case of felony persists in pleading guilty, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon."

We think it quite clear that the word "thereupon" means and refers to the punishment to be meted out by the jury. We think the statute contemplates an adequate punishment, one that will offer some punishment in line not only with the crime committed but one that is capable of being carried out. A punishment entirely adequate for one offense might be either inadequate or excessive for a different state of facts surrounding another offense of like character. In order to arrive at such a punishment, would it not be permissible to show the age of appellant as well as the complainant, in many instances, as well as their physical condition, as well as other pending punishments that might be present.

But appellant advances the idea that all the constituent elements of the offense were admitted as being present by him, and therefore he desired the court to direct the State's attorney to not attempt to show pending punishments, which would evidence much more than a lifetime in the penitentiary already assessed against appellant.

It is said in 42 Tex. Jur., p. 78, that:

"The right of the State to introduce relative evidence is not restricted by the circumstance that the defendant has entered a plea of guilty, or has admitted the existence of the facts which are sought to be proved."

In Booker v. State, 63 S. W. (2d) 1033, we said:

"There is no limit, either by statutory direction or judicial interpretation, upon the kind, character, or amount of relevant testimony which the State may introduce upon a plea of guilty."

In the case of Burns v. State, 76 S. W. (2d) 516, appellant admitted that he had shot deceased, and that the wounds caused death; nevertheless the State was allowed to show that such wounds were in the back of the head, had fractured the skull and driven the fractured parts in the brain. In that case we held that although the killing was admitted, nevertheless the State had the right to introduce its relative testimony as to the surrounding facts.

Again, we held in the case of Reeves v. State, 32 S. W. (2d) 471, that the nature and character of the wounds on the body of the deceased were admissible and tended to show malice, although there was a prior admission that they had caused the death.

Again, it is said in 18 Tex. Jur., 73, that:

"Evidence of the commission of other offenses by the defendant may be given to show a motive for the commission of the crime charged. * * *. But evidence of another crime to prove motive is inadmissible where there is no logical connection between the two offenses from which it can be said that one tends to establish the other. * * * Where malice is an element of the offense charged, evidence of similar offenses is admissible for the purpose of establishing that element." These propositions are supported by many cases cited in the footnotes.

But it is appellant's contention that since he had admitted his motive, and admitted his malice, then the trial court should not have allowed these other convictions to have been presented to the jury; and especially is this so in the presence of his plea of guilty before them.

In the case of Vines v. State, 67 Tex. Cr. R. 355, 148 S. W. 727, the accused took the stand and testified to facts showing

that he killed the deceased; that he was on his way to Dallas to surrender; that he had been shot by an officer at Wills Point and in Bowie County; that he was dozing in a car when a light flashed in his face, and he awoke and fired a shot that killed the officer. The State showed that the accused was indicted in Dallas County, and had escaped; that he had disarmed an officer at Wills Point; that he had shot at another officer there, and had another difficulty with an officer in Bowie County. In that case this court held:

"Thus, in this case it was permissible to show that appellant was charged with crime in Dallas County, had escaped, resisted arrest in Van Zandt and Bowie counties, and the other circumstances introduced, for they all shed light on the actions of appellant at the time of this killing, and tending to show his motive in slaying deceased—to take life rather than suffer detection and arrest."

Again, in the case of Welk v. State, 265 S. W. 914, in a state of facts strikingly similar to the present case, wherein a prisoner killed the jailer in an effort to escape, it was held:

"In the development of its case, the state showed that at the time of the commission of this offense appellant was confined in the county jail on a charge of murder, to which testimony objection was made on the ground that this was proof of an extraneous crime, was hearsay, and prejudicial to appellant. The evidence was admitted to show motive. It seems reasonable. One casually in jail would not likely kill his jailer in an effort to get out. One charged with a misdemeanor would hardly go to the lengths to effect escape as might one confined on a felony charge; and this would seem especially true if the felony be of the grave character of murder. It is held by this court that proof of extraneous crimes becomes admissible when same shows a motive. Hamblin v. State, 41 Tex. Cr. R. 140, 50 S. W. 1019, 51 S. W. 1111; Smith v. State, 44 Tex. Cr. R. 59, 68 S. W. 267; Renfro v. State, 42 Tex. Cr. R. 393, 56 S. W. 1013; Morrison v. State, 40 Tex. Cr. R. 473, 51 S. W. 358; Johnson v. State, 29 Tex. App. 150, 15 S. W. 647; Chandler v. State, 60 Tex. Cr. R. 329, 131 S. W. 598."

Again, the case of Stalcup v. State, 92 S. W. (2d) 443, furnishes us a parallel case in most respects to the present one. In that case the accused was confined in the Dickens County jail. In order to effect his escape therefrom, the accused and another killed the sheriff of that county, and upon his trial Stalcup was assessed the death penalty. In that case there were fifteen bills of exceptions to the introduction of numerous in-

dictments and convictions thereunder totaling a multitude of years against the accused, such being admitted on the theory of motive and intent. In that case, in discussing the admission of such other convictions, we said:

"He knew that the former convictions had closed the doors leading to freedom; that his legal right to liberty was already foreclosed; that the only means by which he could regain his liberty was to escape, and this he might be willing to attempt at any price, even at the cost of human life. Hence, it is obvious that he might have been moved by the former convictions to resort to desperate and extreme means in trying to regain his liberty.

"It occurs to us that the former convictions might have a distinct bearing upon his desire to escape and the degree of reckless desperation with which it might be attempted. One charged with petty theft would not have the same degree of motive to escape as one charged with robbery. One charged with burglary would not reasonably be expected to resort to the same extreme means to enable him to escape as one who had already been convicted and sentenced to life imprisonment. If appellant had been in custody on a misdemeanor charge such as simple assault or aggravated assault, it would not seem reasonable that he would have resorted to such extreme means in order to escape from jail (he had killed the sheriff), and it occurs to us that the former convictions were admissible as tending to show the inducing cause which moved him to resort to such reckless and desperate means of regaining his liberty as was done in the instant case; and, therefore, the former convictions would be admissible on the issue of motive and intent. The court in his charge limited said testimony to the purpose for which it was admitted. We, therefore, overrule the appellant's contention. See People v. Scheck, 356 Ill. 56, 190 N. E. 108, 91 A. L. R. 1472; Vines v. State, 67 Tex. Cr. R. 355, 148 S. W. 727."

It is true that in the above quoted cases the accused had entered a plea of not guilty to the indictment, but had admitted the truth of some of the propositions necessary to be proved by the State before it could complete its case, such as the death of the deceased from the act of the accused, and the motive that prompted the act. In practically a large majority of the states of the Union it has been held that the state can not be controlled by admissions of contesting accused persons to any matter relevant in law to a conviction for the offense charged. To hold otherwise might relegate the State to the bare fact of a killing with no explanatory circumstances in order to allow the jury

any latitude in the fixing of a proper punishment in the event of a conviction. If such were a true doctrine, then the State might be called upon to introduce no testimony at all, save the admission of the accused, thus leaving the course that the case might take in the hands of an accused. Again, this doctrine, when carried to a final conclusion, might result in a trial upon special issues only as to a necessary fact not admitted by the one on trial, such as malice, or motive, or any other circumstance that might ameliorate or increase the punishment, and the State would find itself trying a portion of such case on a plea of guilty and another portion thereof on a plea of not guilty.

Motive, and the extent of the motivating act, is always a question to be shown by proof, although admitted, as is shown by the above quoted cases, where a plea of not guilty has been entered. Then under a plea of guilty are not motive and intent still present? Are such requisites still a pertinent issue before a jury, especially in their deliberations as to an adequate penalty? We are not wholly without any adjudicated cases in this State where admissions have been made under a plea of guilty.

In the case of Kelley v. State, 79 Tex. Cr. R. 362, 185 S. W. 570, the accused pleaded guilty to robbery with firearms. It is shown that the accused admitted that he was the robber, and that he used a pistol in the robbery. In that case we held that:

"However, this would not prevent the State from offering and introducing evidence if it saw proper to show that appellant was the person who committed this robbery, and the mode and method of the accomplishment of this robbery, that the jury might determine as to the punishment that should be assessed."

In the case of Harvey v. State, 108 Tex. Cr. R. 66, 299 S. W. 241, it was held that where the accused had entered a plea of guilty to a charge of driving an automobile while intoxicated, that the State had the right to introduce proof of his being intoxicated in order to enable the jury to decide upon the amount of punishment which should be given, the opinion stating:

"This is the plain provision of Art. 502, 1925 C. C. P. We know of no rule that would exclude from the consideration of the jury evidence introduced in such case which sheds any light upon any material issue in the case."

We early held in the case of Harwell v. State, 19 Tex. App. 423, relative to the present Art. 502, C. C. P.:

"It is not a provision, in so far as it requires evidence to be submitted, which is intended solely for the benefit of the de-

fendant. It is intended, also, and more especially, to protect the interests of the State, by preventing aggravated cases of crime to be covered up by the plea of guilty, so as to allow the criminal to escape with the minimum punishment fixed by law."

Again, we find Art. 1257a, P. C. to read as follows:

"In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed."

It was held by us in McArthur v. State, 105 S. W. (2d) 227, that:

"It is a well-recognized rule in this State that where motive, intent, or the condition of the mind of the accused prior to the commission of an offense is an issue, the acts, words, and conduct of the defendant are admissible, though they show the commission of an extraneous offense. See Holmes v. State, 20 Tex. App. 509, 511; Branch's Anno. P. C., Sec. 2347, p. 1285."

It seems to us that the above Art. 1257a, P. C. would make admissible all relevant facts not only as to the guilt of appellant but also the circumstances going to show the condition of his mind at the time of the homicide, in order that the jury might assess an adequate punishment.

Unless the jury knows what motive actuated the accused, how can they assess an intelligent penalty, being in ignorance of what motive prompted the act, and what actuated the mind in the commission of the act charged; or again, what malice caused such unlawful act? We do not think one accused of crime can limit the State by his admissions, but that the relevant facts may be established by proof, regardless of admissions of guilt or lack of such admissions. If relevant facts are admissible under a plea of not guilty, then we think they are also admissible under a plea of guilty. Under the holdings in the above cases we think there was no error in the admission of these other convictions, and it is our conclusion that same were relevant and admissible under the law.

It was the province of the jury to decide upon an adequate punishment under legitimate testimony.

It is therefore our conclusion that no error is herein evidenced. The judgment is therefore affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

It is argued most persuasively in the motion for rehearing, as it was in oral presentation of the motion, that there was no logical connection between the former convictions of appellant and the killing of the officer which resulted in the present conviction, and that proof of such former convictions did not fall within any of the well known exceptions which permit proof of former convictions, or commission of former offenses.

This court has long been committed to the proposition, and to which we tenaciously adhere, that a party accused of crime must be tried upon the particular accusation, and may not be shown by evidence of any character to be a criminal generally unless under the facts of the particular case evidence of other offenses or convictions becomes pertinent under some exception to the general rule of exclusion.

The motion of appellant to have proof of former convictions aggregating in punishment some 97 years in the penitentiary excluded from the jury was addressed to the trial court, and the admissions in connection with the motion were likewise directed to the court. There is nothing in the record to show that such admissions were ever detailed to the jury. Under our system the jury must assess the punishment. In order that they may do this intelligently, Art. 502 C. C. P. provides that even in case of a plea of guilty to a felony evidence may be submitted to enable the jury to decide upon the punishment. The motive prompting a crime is no small factor in determining the extent of punishment deserved. The more sordid the motive the more reprehensible the crime. If the effort of appellant to get out of jail was prompted by a desire to escape punishment assessed in his former convictions there was logical connection between said former convictions and the killing of the officer in the present case. It is, of course, unfortunate for appellant that the motive here present involved former convictions of felonies, but this was a condition for which neither his counsel nor the courts was responsible. The burden of that rests purely upon appellant himself.

We think the motive here present may no more be separated from the crime committed by appellant, than may the motive be separated from any other offense. The plea of guilty by appellant should not be permitted to deprive the State of the evidence of the motive which prompted the killing of the officer, and information which might aid them in determining the punishment.

The motion for rehearing is overruled.

ON APPELLANT'S SECOND MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant requests permission to file a second motion for rehearing. This will be denied. However, the importance of the question and its application to the facts of the particular case impels the writer to give expression to the reasons for concurring in the original opinion and the opinion on motion for rehearing.

Appellant was being held in jail on a charge for which he had not been tried. He was also held by reason of the orders of the courts based upon other sentences. He attempted to escape not alone from the one but from all of them. Therefore, each and every case became related to his crime, for which this conviction was had. If the killing had arisen in a different way and the effort to escape jail had not been a motive, then the question would have been a different one. As it is, we entertain no doubt of the correctness of the conclusion reached that the evidence of former convictions was admissible.

Further expression is not called for. The second motion for rehearing is denied.