JOHN DE NICOLA *alias* JOHN FARINO, *alias* JOE ALBA v. STATE.

No. 25101. January 31, 1951.
Motion for Rehearing Denied (Without Written Opinion) March 14, 1951.

*D. F. Sanders, Wyatt J. Baldwin, J. A. Veillon,* Beaumont, and *M. Gabriel Nahas, Jr.,* Houston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged with theft over $50.00 by false pretext, and given a penalty of five years in the state penitentiary.

The injured party, Sam Rao, an Italian, 63 years old, casually met appellant in the city of Beaumont and conversed with him at different intervals. This intimacy grew with the days, appellant visiting Rao at his home and at one time presenting Rao's wife with a box of candy. Eventually, while these two were together on the street, they were approached by a third man, presumably a stranger, who conversed with them and finally told them that his father had left the sum of $37,000.00 in his will be distributed to the poor and to charity. The stranger seemed to be attracted to appellant and Rao and convinced that they were honest men; and he decided to give them $2,000.00 apiece of this fund and then obtain their assistance in the further distribution of the remaining amount to the poor. However, as a necessary requisite to the receipt of such $2,000.00, Rao and appellant should each exhibit to the stranger the sum of $2,000.00; that when this was done, they were then to receive $2,000.00 from this $37,000.00 fund. Rao went to the bank and drew twenty $100.00 bills and returned; appellant also claimed to have $2,000.00 in an exhibited roll of money. Previously they had procured a tin box and a key thereto. This money was handed to the stranger and he supposedly put same in the box and locked it, giving appellant the key. Rao took the box with instructions to keep the same, and at a certain hour on the next day, the stranger would appear and make each of them a gift of $2,000.00; that they could then open the box and repossess

their original $2,000.00, making $4,000.00 for each one of them. When the appointed hour arrived, no one appeared at Rao's home, and soon becoming suspicious, he repaired to the city hall; and upon opening this box, it was found to contain a package of cigarettes, a small piece of cloth, and some paper, but no money. Appellant was hereafter apprehended in Memphis, Tennessee.

There are three bills of exception in the record. Bills Nos. 1 and 2 can be treated together. They relate to an attempt upon the part of appellant to show the involuntary nature of a written confession introduced herein. It had been shown by the state that such statement had been voluntarily made with no coercion nor persuasion on the part of the person to whom same was made or any other person. Thereupon appellant requested the trial court to retire the jury and allow him to place appellant on the stand before the trial court only and to agree that appellant could then retire from the witness stand and not be questioned by the state before the jury. This the court refused to do, stating that if appellant took the witness stand, he did so for all purposes. Appellant refused to testify under such ruling and excepted to such action of the court.

Had appellant taken the stand, it would evidently have made an issue before the jury for them to decide, and the state already having proven the voluntary character of the statement would have had the privilege of attacking whatever statement appellant might have made, thus making a fact issue for the jury. It would have been necessary for the jury to hear both sides of this controversy in its determination. We fail to see how such could have been done without their having heard both sides thereof.

Again, the state has the right to try its case according to what it thinks proper under the rulings of the trial court, and the accused has no right to dictate how such trial shall proceed. See Beard v. State, 146 Tex. Cr. R. 96, 171 S.W. (2d) 869; Aven v. State, 95 Tex. Cr. R. 155, 253 S.W. 521.

It is also noted that appellant filed an affidavit herein on the hearing of the motion for a new trial alleging what he desired to prove by himself before the court only. We perceive therefrom that he would thus have created an issue for the jury to decide as to the voluntary nature of his alleged confession, a portion of such testimony having already been heard by the jury, evidently showing a contrary conclusion to the one

offered by appellant. This testimony had not been touched upon by him in his cross-examination of the state's witnesses, but he desired to contradict same only before the court, not allowing the jury to have the benefit of his testimony. A trial under the law contemplates one such as the present being before a judge and jury and not partially before the court without the intervention of a jury. He was untrammelled in his use of any desired witness, but was not allowed to use one witness before the court only. Many matters alleged in his bill could have been proven, if true, by other witnesses than himself, which he did not see fit to do. This problem savors of an effort to bargain with the court in that appellant desired to contradict a portion of the state's testimony but did not desire to open himself to a cross-examination before the jury. We think the trial court was correct in refusing such request.

All bills of exception are overruled.

Finding no error in the record, the judgment will be affirmed.