**Jimmie Warren CARROLL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35529.**

**Court of Criminal Appeals of Texas.**

**March 27, 1963.**

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., John Rogers, Jack Hampton and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The appellant pleaded guilty before a jury to the burglary of a sheet metal building housing a manufacturing company. Evidence was introduced sustaining the allegations of the indictment. It included the written confession of the appellant made while he was in jail, to Detective Mayberry, and a subsequent oral confession in which the appellant told Detective Mayberry he had given a pistol he took from the burglarized premises to his landlady, and which

was corroborated by the landlady's testimony and the recovery of the pistol.

All of the other property stolen was recovered and returned.

 Over objection, and after the appellant had sought to have the attorneys representing the state and the witnesses instructed not to refer to an attempted burglary at the time he was taken into custody, A. J. Sanders, private patrolman for a protective agency, was permitted to testify that when he arrested the appellant about 10:50 P.M. the night after the burglary for which he was on trial, the appellant was standing by a broken window of a place of business which his company served.

The jury having heard the evidence showing the commission of the burglary charged, and the arresting officer's testimony tending to show the commission of an extraneous offense the following night, assessed the maximum punishment of 12 years.

The testimony showing that the appellant was arrested as he was standing at a broken window should not have been admitted.

It is true that in Cade v. State, 107 Tex. Cr.R. 276, 296 S.W. 520, 522, and perhaps other decisions, statements may be found that, standing alone, indicate the rule to be that "any evidence as to what the appellant was doing at the time he was arrested is admissible as a part of the res gestae of the arrest." This is not so in all circumstances.

Mr. Sanders did not arrest the appellant for the burglary of the manufacturing company building. He acquired no information from the appellant that was relevant to such burglary or that led to the recovery of stolen property.

Appellant was not armed, and did not resist arrest or attempt to flee.

Appellant's guilt was settled as a matter of law when he pleaded guilty before the jury. The evidence in such cases is submitted to enable the jury to decide what punishment to assess. Art. 502, Vernon's Ann.C.C.P.; Richardson v. State, 164 Tex. Cr.R. 500, 300 S.W.2d 83.

It is the jury's province to assess, under legitimate testimony, an adequate punishment. Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869. That the defendant may have committed another unrelated offense is not legitimate evidence for that purpose.

The admission of evidence, not otherwise relevant, which tended to show that the appellant attempted to burglarize the building which had a broken window was prejudicial and deprived the appellant of a fair trial on the question of the punishment that the jury should assess for the burglary to which he pleaded guilty.

The judgment is reversed and the cause remanded.