Roy Elvin GARDNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00485–CR.

Court of Appeals of Texas,
Dallas.

March 26, 1986.

William E. Norman, James G. Walker, Dallas, for appellant.

Kathleen A. Walsh, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

GUILLOT, Justice.

Appellant appeals his conviction for murder. The jury assessed a sentence of fifty years' confinement in the Texas Department of Corrections, upon a plea of guilty. For the reasons below, we affirm the conviction.

Appellant contends in his sole ground of error that the trial court erred in excluding testimony concerning the deceased's, Lyons', prior murder conviction and incarceration in the penitentiary. We cannot agree.

■ At trial, appellant testified to his relationship with Lyons and the "bad blood" between them. He also testified that he was afraid of Lyons, in an attempt to mitigate punishment. The trial court, however, prevented appellant from testifying that one of the reasons he was afraid of Lyons was because he was told that Lyons had been in the penitentiary for

murder. Appellant offered this testimony as bearing on his state of mind at the time of the offense, in order to mitigate punishment, and not as an attempt to raise an issue of self-defense. The trial court erroneously excluded this testimony as hearsay.

■ Generally, all relevant facts and circumstances going to show the condition of the accused's mind are admissible in prosecutions for murder or voluntary manslaughter. TEX.PENAL CODE ANN. § 19.06 (Vernon 1974); and *Steihl v. State,* 585 S.W.2d 716, 718 (Tex.Crim.App.1979), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981). However, in determining the admissibility of any type of evidence, the probative value of the evidence must be weighed against its prejudicial and inflammatory qualities. *Salas v. State,* 629 S.W.2d 796, 798–99 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Evidence that may have some relevance becomes irrelevant when its prejudicial and inflammatory effect outweighs its probative value. *Id; see also, Mallicote v. State,* 548 S.W.2d 42, 44 (Tex.Crim.App.1977).

■ We hold that the prejudicial and inflammatory qualities of appellant's testimony, regarding Lyons' past murder conviction, outweigh the probative value of the testimony. We rely on the similar case of *Salas,* 629 S.W.2d at 798–99. *Salas* was an attempted murder case where the defendant sought to testify about the complainant's probation, as showing the defendant's state of mind at the time of the offense.

In *Salas,* defendant was the owner of a lounge where the shooting occurred. Defendant testified that complainant, an acquaintance, was intoxicated and created a disturbance in the bar. Defendant asked complainant to leave, which he did, but he returned several times and caused more trouble. Defendant raised a defense at trial that he lacked the intent to kill or seriously harm the complainant. He, therefore, sought to testify that he did not call the police about complainant's conduct because he "liked" complainant and did not wish to get him in more trouble with the police because he knew that complainant was on probation. It was defendant's concern over complainant's loss of probation that supported his claim of lack of intent to harm and showed his state of mind at the time of the offense.

In *Salas,* the trial court excluded this state of mind testimony on the basis of hearsay, as did the trial court in the present case. The Houston court agreed with the defendant that this testimony was not hearsay because it was introduced only to show state of mind. However, the court held:

> We see the evidence of complainant's probation as being irrelevant when seen in light of its prejudicial qualities.

*Id.,* at 799. The court reasoned further:

> The general rule for determining the admissibility of any type of evidence is whether the probative value of such evidence outweighs its inflammatory nature. *Mallicote v. State,* 548 S.W.2d 42 (Tex.Cr.App.1972). The inflammatory aspect of appellant's testimony outweighed any probative value in the case. Since this testimony lacked probative value the court's exclusion of the testimony was proper. When a trial court's ruling on the admissibility of evidence is correct, even though for the wrong reason, the ruling must be affirmed. *Spann v. State,* 448 S.W.2d 128 (Tex.Crim.App. 1969).

*Id.*

In *Salas,* the probation testimony supported the accused's defense of lack of intent to harm. In the present case, appellant does not even raise a defense, but simply attempts to mitigate punishment with testimony of the victim's prior murder conviction. The present case has even more compelling reasons than *Salas* for excluding this testimony. The prejudicial effect of this testimony attempts to mitigate appellant's punishment, not because of his state of mind at the time of the offense, but because of the past criminal record of the victim.

In the present case, the probative value of this prejudicial testimony is lessened even further in light of the state of mind evidence that appellant was permitted to introduce. Appellant put forth ample evidence of his state of mind before the jury, without the excluded testimony. Appellant testified he was afraid of James Lyons for the following reasons:

(1) appellant lived with James Lyons' girlfriend for five years before Lyons showed up one Saturday morning;

(2) appellant and Lyons had problems from the first time they met;

(3) appellant and Lyons' girlfriend continued to see each other on weekends after Lyons returned to Dallas;

(4) Lyons would come to appellant's house uninvited when Lyons' girlfriend was staying with appellant;

(5) Lyons came to appellant's house drunk on one such occasion;

(6) Lyons threatened appellant when he came over to his house;

(7) appellant thought Lyons carried a weapon with him;

(8) appellant saw a weapon in Lyons' vehicle;

(9) appellant was sure Lyons had the capability of killing him; and

(10) appellant saw Lyons watch and follow him as he walked to where he caught a ride to work.

There is ample testimony from appellant to show that he was afraid of Lyons. Indeed, any normal person would be afraid of Lyons under the circumstances.

We follow *Salas* and hold that the prejudicial effect of the testimony regarding the Lyons' prior murder conviction outweighs its probative value, especially in light of the evidence appellant was permitted to introduce to establish his state of mind. Assuming arguendo that there was error in excluding this testimony, we hold that any error was harmless.

Affirm the conviction.

STEPHENS, J., dissents.

STEPHENS, Justice, dissenting.

I respectfully dissent. While I agree with the majority that "all relevant facts and circumstances going to show the condition of the accused's mind are admissible in prosecutions for murder and voluntary manslaughter" and that "in determining the admissibility of any type of evidence, the probative value of the evidence must be weighed against its prejudicial and inflammatory qualities," I do not agree that in this case the probative value of the excluded testimony is outweighed by its prejudicial and inflammatory qualities.

At the hearing on the State's motion in limine, Gardner testified that because of his own past experiences, he would not have been so afraid of Lyons had he not known that Lyons had been in the penitentiary for murder and that knowing this had a lot to do with his decision to shoot Lyons. Because Gardner's state of mind at the time of the offense is relevant to mitigation of punishment under section 19.06 of the Texas Penal Code and *Steihl v. State,* 585 S.W.2d 716, 718 (Tex.Crim.App.1979), *cert. denied,* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843 (1981), I would hold that the probative value of the excluded testimony outweighed its prejudicial and inflammatory qualities.

Further, although not effective until September 1, 1986, I note that Rule 403 of the Texas Rules of Criminal Evidence provides:

Exclusion of Relevant Evidence on Special Grounds. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay or needless presentation of cumulative evidence.

Tex.R.Crim.Ev. 403 (effective September 1, 1986). *See United States v. McRae,* 593 F.2d 700, 707 (5th Cir.1979) (relevant evidence is inherently prejudicial; it is only where the unfair prejudice of the evidence *substantially* outweighs its probative value that exclusion of the relevant evidence is permitted). I believe that, in the case at bar, the danger of unfair prejudice does not

*substantially* outweigh the probative value of the excluded testimony.

Although Gardner was permitted to offer other evidence of his state of mind at the time of the offense, the excluded testimony shows the extent, reasonableness, and plausibility of Gardner's fear of Lyons and of Gardner's state of mind at the time of the offense. In that the sole purpose of testimony on a plea of guilty is to enable the jury to intelligently exercise the discretion which the law vests in them to assess punishment, *Hoffert v. State,* 623 S.W.2d 141, 145 (Tex.Crim.App.1981), the testimony was relevant and its exclusion was error. Because there is a reasonable possibility that the excluded testimony would have affected the punishment assessed by the jury, *see Williams v. State,* 643 S.W.2d 136, 138 (Tex.Crim.App.1983), and in light of the punishment assessed, the judgment should be reversed and the cause remanded.