**Roy Elvin GARDNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 497–86.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 27, 1989.

On Rehearing Sept. 27, 1989.

---

7. Of course, appellant may, prior to any retrial of this cause, *timely* file an application for pro-   bation. Art. 42.12, sec. 3a(a).

William E. Norman, Dallas, for appellant.

Henry Wade, Former Dist. Atty. and John Vance, Dist. Atty. and Kathleen A. Walsh, John Marshall, Jeffrey H. Hines and Patricia Poppoff Noble, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

PER CURIAM.

Our opinion on original submission is withdrawn.

The record reflects that after Roy Elvin Gardner, henceforth appellant, pled guilty to the charge of murder, the jury convicted him of that offense and assessed his punishment at fifty years' confinement in the Department of Corrections. On direct appeal, the Fifth Court of Appeals affirmed. See *Gardner v. State*, 711 S.W.2d 278 (Tex. App.—Dallas 1986). We granted appellant's petition for discretionary review in order to make the determination whether the trial court should have admitted evidence of the appellant's victim's previous conviction for murder.

We have now reconsidered appellant's contention and the court of appeals disposition of the issue. Now, it appears that this Court's decision to grant appellant's petition for discretionary review was improvident. Therefore, appellant's petition for discretionary review is hereby dismissed pursuant to Tex.R.App.Pro. Rule 202(k).

Our decision to withdraw our original opinion and dismiss appellant's petition for discretionary review should not be interpreted to mean that this Court either endorses or adopts the reasoning employed by the court of appeals, or that this Court's decision to now dismiss appellant's petition has any precedential value. In summary, the Bench and Bar of this State should not assume that our action in this cause lends any authority to the opinion of the court of appeals. See *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983); *Campbell v. State*, 647 S.W.2d 660 (Tex.Cr.App.1983).

MILLER, J., concurs in the result.

McCORMICK, P.J., and DUNCAN, J., dissent.

CLINTON, Judge, dissenting.

This cause presents a timely opportunity to discuss the respective roles of an intermediate appellate court and of a discretionary reviewing court in a fitting procedural and factual situation. *Gardner v. State*, 711 S.W.2d 278 (Tex.App.—Dallas 1986). Belatedly the majority recants from taking it.

According to the majority opinion below, appellant offered his testimony that "he was *told* that Lyons has been in the penitentiary for murder" "as bearing on his state of mind at the time of the offense, in order to mitigate punishment, and not as an attempt to raise an issue of self-defense;" the trial court excluded the testimony proffered by appellant on the ground it is *"hearsay,"* and on that basis all justices there agreed the court did so *"erroneously."* *Gardner v. State*, supra, at 278–279 (my emphasis here and throughout unless otherwise noted).

It is axiomatic that on direct appeal an appellate court is not limited to the ground given by a trial judge in excluding evidence, but is free to find another valid reason in law to uphold an evidentiary ruling by the trial court. 27 Tex.Jur.3d 17, § 4262. Having thus found the trial court excluded the evidence for an untenable reason, a majority of the Dallas Court quite properly examined appellant's point of error that the trial court erred in excluding his testimony in light of a general rule permitting exclusion of relevant evidence on a balancing test, *viz:*

"[I]n determining the admissibility of any type of evidence, the probative value of the evidence must be weighed against its prejudicial and inflammatory qualities."

*Id.,* at 279. See now Tex.R.Cr.Evid. Rule 403 for a more precise statement of the rule.

A majority of the Dallas Court panel held "the prejudicial and inflammatory qualities of appellant's testimony, regarding Lyons' past murder conviction, outweigh the probative value of the testimony." *Ibid.* The dissenting justice "would hold that the probative value of the excluded testimony outweighed its prejudicial and inflammatory qualities." *Id.,* at 280. Accordingly, the judgment of the trial court was affirmed.

The sole ground for review presented by appellant states, "The *trial court* erred in failing to admit the fact of the deceased's incarceration in the penitentiary and previous conviction for murder." Strictly construed that statement is not a proper ground for review under our rules of appellate procedure in that this Court reviews decision of the court of appeals and reasons for them. See generally Tex.R.App.Proc. Rules 200 and 202. Therefore, we provide

that a ground for review or, alternatively, a question presented for review, Rule 202(d)(4), implicate rationale and decision of the court of appeals.

More to the point, the ground for review here should read: The Court of Appeals erred in holding that the prejudicial and inflammatory qualities of appellant's testimony, regarding the deceased's past murder conviction, outweighed the probative value of that testimony.[1]

The Court further requires that the petition demonstrate one or more reasons for review of the decision in accordance with Rule 202(d)(5). *Degrate v. State,* 712 S.W.2d 755 (Tex.Cr.App.1986). This petition does state a prescribed one, and some judges must have believed it an apt one.[2]

Nevertheless, the majority eschews an examination into verity of the primary reason given by the Dallas Court for its decision.

As the Dallas Court majority would have it, "The *prejudicial effect* of this testimony attempts to mitigate appellant's punishment, *not because of his state of mind at the time of the offense,* but because of the past criminal record of the victim." *Gardner,* supra, at 279. If that is true, then the testimony is indeed hearsay, and was properly excluded for that reason, just as the trial court ruled.

But if not hearsay, how is it that the testimony creates a "prejudicial effect"? The supposed "prejudicial and inflammatory qualities" of the excluded testimony would not have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." The testimony is not likely to arouse "emotional, irrational, or other similar improper decisional grounds." Blake-

---

1. So it is that the majority is also incorrect in saying we granted review "to determine whether the *trial court* should have admitted [that] evidence...." at 718. The ground for review is probably stated in those terms because, as its turns out, the majority does not cause the Court to review the reason for the decision of the Dallas Court. Instead, proclaiming that it has "reconsidered" both appellant's contention and "*disposition* of the issue" below, the majority hoists the "improvident grant" banner of retreat.

2. In his PDR appellant asserts and at least four judges may have granted it because the justices of the court below disagreed on "a material question of law necessary to the disposition of the case." Rule 200(c)(5). (Arguably, they did not disagree on the law controlling disposition of the point of error; on the applicable rule of evidence they agreed, but in applying it to the facts of the case they disagreed.)

ly, Article IV: Relevancy and its Limits, 20 Hous.L.Rev. 151, 167 (1983 Tex.R.Evid. Handbook).

Thus, while the Court of Appeals may well have erred in its application of an important rule of evidence, this Court does not even examine that which it granted the instant petition to review. In opting to dismiss appellant's PDR, the majority once again turns the constitutional and statutory scheme for appeal and review on its head. It deliberately bypasses the issue raised and decided on direct appeal by a court of appeals in favor of an all too ubiquitous "improvident grant" with stoutly asserted disclaimers that serve only to leave the problem for another day. Not content merely to dissent, I reprise several germane considerations in the margin.[3]

For all those reasons I respectfully dissent.

---

**3.** Where an accused has pleaded guilty to a jury, some cases may be read to restrict the scope of admissible evidence to that prescribed by Article 37.07, § 3(a), V.A.C.C.P., and *Allaben v. State*, 418 S.W.2d 517 (Tex.Cr.App.1967). However, made clear by, e.g., *Fairfield v. State*, 610 S.W.2d 771 (Tex.Cr.App.1981), is that introduction of evidence "surrounding the defendant's admitted conduct which would be probative of the penalty issue" by both the State and defendant is expressly permitted by Article 26.14, V.A.C.C.P. *Id.*, at 777, n. 7. The longstanding purpose is "so that the State and the defendant may be protected in their respective rights, the defendant getting the benefit of any amelioration or extenuation, and the state any aggravating circumstances that might attend the commission of the offense." *Woodall v. State*, 58 Tex.Cr.R. 513, 126 S.W. 591, 593 (1910). In *Beard v. State*, 146 Tex.Cr.R. 96, 171 S.W.2d 869 (1943), the Court collected scores of past decisions supporting the proposition that the State has the right to present, and "the jury are entitled to hear the facts surrounding and constituting an offense" under former article 502, now Article 26.14, including such matters as motive, intent, malice, mode and method et cetera. *Id.*, 171 S.W.2d at 871–874.

While it is true that when the plea is guilty "there are no defenses or defensive issues for the jury to have passed on," *Jackson v. State*, 155 Tex.Cr.R. 466, 236 S.W.2d 623, 624 (1951), that does not mean that either the State or defendant are precluded from adducing evidence going to the matters admissible under Article 26.14 and as specified in Article 19.06. Again, in *Beard v. State*, supra, the Court also addressed former article 1257a, the predecessor to Article 19.06, and found that it "would make admissible all relevant facts not only as to the guilt of appellant but also the circumstances going to show the condition of his mind at the time of the homicide, in order that the jury might assess an adequate punishment," knowing "what motive prompted the act, and what actuated the mind in the commission of the act charged." *Id.*, S.W.2d at 874. The Court undertook to settle all that in *Brazile v. State*, 497 S.W.2d 302 (Tex.Cr.App.1973) ("penalty stage is the *proper* stage in which to introduce such testimony [of appellant as to how the shooting occurred in mitigation of punishment]") (emphasis in original). Neither former article 1257a nor Article 19.06 differentiate the respective rights of parties to offer such testimony and to have it admitted.