### MANUEL G. SALINAS V. THE STATE.

No. 22628.   Delivered November 17, 1943.

The opinion states the case.

*Chas. T. Haltom* and *Albert A. Pena,* both of San Antonio, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of theft from the person. The punishment assessed is confinement in the State penitentiary for a period of seven years.

The indictment alleges that the appellant and one, Paul R. Gonzales, did "unlawfully, fraudulently and privately take from the possession and person of Frederick W. Eberlein, a wrist watch of the value of $25.00," to which charge the appellant entered a plea of guilty.

Eberlein, the alleged injured party, testified that on February 20, 1943, he was in the City of San Antonio, to which place he had come from Scheel, Texas, where he was stationed with the Armed Forces of the United States; that he, in company with another soldier, visited various places in San Antonio, where they drank wine and beer; that about eleven o'clock that night they sat down to rest on a cement porch which extended to the sidewalk and both fell asleep; that they were awakened by police officers about one o'clock, A. M., at which time Eberlein noticed that his wrist watch was missing and that his companion had lost $28.00 in money.

Alex Sandoval, a city detective, in company with another officer, while driving a patrol car on the streets of San Antonio on the night in question, stopped at a stop sign and noticed two men going through the pockets of two soldiers who were asleep on a porch which leads out to the sidewalk. The officers arrested appellant and his companion as they tried to escape. Upon searching the appellant the officers found $19.00 upon his person. The watch which belonged to Eberlein was found on the ground near the place where the appellant had run. The witness testified that he had known·the appellant for some five or six years.

Appellant did not testify or offer any testimony on the trial, but, as above stated, entered a plea of guilty to the offense charged in the indictment.

The only bill of exception found in the record complains of the action of the prosecuting attorney in propounding to the States witness, Alex C. Sandoval, the following questions:

"Q. You are so well acquainted with him (the defendant) that he calls you 'San'? A. Yes, sir.

"Q. You have had occasion to see and talk to him? A. Yes, sir, since he returned from the penitentiary."

Appellant objected to the questions and answers on the ground that they were unfair, prejudicial and inflammatory, and requested that the jury be discharged, which the court refused to do, but did instruct the jury not to consider the testimony for any purpose, to which action of the court the defendant excepted.

It will be noted that appellant entered a plea of guilty and did not testify. Therefore, the objectional testimony was not admissible as affecting his credibility as a witness, nor for any other legitimate purpose in the case. The trial court, realizing that it was inadmissible and prejudicial, sustained the objection and instructed the jury not to consider it for any purpose. Appellant, contends, however, that notwithstanding the court's instruction, the testimony was of such highly prejudicial nature that the court could not effectively have withdrawn the same from the minds of the jury. We think there is merit in his contention inasmuch as the jury imposed the highest penalty prescribed by law for the offense charged notwithstanding the fact that appellant had pleaded guilty. Just to what extent this testimony contributed to the infliction of the highest punishment by the jury we are unable to say. In support of the opinion here expressed, we refer to the cases of Ulmer v. State, 106 Tex. Cr. R. 349; and Taylor v. State, 82 Tex. Cr. R. 210.

From what we have said, it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.