Frank R. ROJAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 39635.

Court of Criminal Appeals of Texas.

June 8, 1966.

Rehearing Denied June 22, 1966.

Emmett Colvin, Jr. (appointed counsel), Dallas, for appellant.

Henry Wade, Dist. Atty., Robert H. Stinson, Jr., Scott Bradley and W. John Allison, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Appellant was convicted, upon a plea of guilty, of the felony offense of driving while intoxicated, and his punishment was assessed at five months confinement in jail.

The trial was on February 3, 1966, and governed by the provisions of the Code of Criminal Procedure of 1965, which became effective January 1, 1966. Appellant, being arraigned (Article 26.01, Vernon's Ann.C. C.P.) for the purpose of fixing his identity and hearing his plea (Article 26.02, V.A. C.C.P.) and having been admonished by the court (Article 26.13, V.A.C.C.P.), persisted in pleading guilty (Article 26.14, V.A.C.C. P.). A jury was duly selected, impaneled and sworn in the case. Appellant's having entered a plea of guilty to the indictment, evidence was presented, and the jury was then instructed by the court to find appellant guilty.

Appellant objected to the court's charge on the ground that it failed to authorize the jury to assess punishment. The objection was overruled.

We need go no further than this point in order to properly dispose of this case. In overruling the objection, the court was proceeding under Article 37.07, V.A.C.C.P. It is appellant's contention that he should have proceeded under Article 26.14, V.A. C.C.P.

Article 37.07, supra, by its terms applies to pleas of not guilty alone.

Article 26.14, supra, provides:

"Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a

jury shall be impaneled to assess the punishment, and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury."

When the time came for the judge to charge the jury in accordance with the terms of Article 26.14, supra, the defendant had not waived the right to trial by jury in accordance with Article 1.13, supra, and nothing had occurred during the trial to cause the plea of guilty to be withdrawn.

In cases where Article 37.07, supra, is applicable the time for waiving the right to have the jury assess the punishment does not arrive until such jury has found the defendant guilty, hence it cannot be said that appellant had waived such right "in accordance with Article 37.07."

To the contrary, he objected to the court's charge because the question of punishment was not submitted to the jury.

A former draft of the Code had made provisions for election prior to the selection of the jury. This, and the possibility that the plea of guilty may be withdrawn during the trial, may explain the reference to Article 37.07 in Article 26.14.

It therefore follows that the trial court reversibly erred when he did not submit the question of punishment to the jury in accordance with the terms of Article 26.14, supra, as requested by the appellant.

The judgment is reversed, and the cause is remanded.

## DISSENTING OPINION

McDONALD, Presiding Judge.

The majority opinion correctly recites the sequence of events in this cause, and I shall not restate them other than to mention that the jury retired to consider their verdict, after appellant's objection was overruled, and returned a verdict into court finding appellant guilty as charged.

After the return of the verdict, the court inquired: "Does the defendant elect for the Court or for the Jury to assess the punishment?" Counsel for appellant responded with the following statement: "As I understand the Article, your Honor, we do not make an election. The Court assesses the punishment. We do not make an election."

The jury was discharged and the court proceeded to hear evidence on the question of the punishment to be assessed in the case. Appellant objected on the ground that the court was erroneously proceeding under Art. 37.07 of the Code of Criminal Procedure, which is "inapplicable to all cases except those cases involving capital offenses or wherein the accused had plead not guilty."

At the hearing before the court it was shown by stipulation of the parties that appellant had been previously convicted of a misdemeanor offense of drunken driving (not alleged in the indictment) and also of a felony offense of drunken driving. Appellant, by such stipulation, did not waive his objection to the admissibility of the evidence but again renewed his objection, on the ground that Art. 37.07 "has no application to this cause, in that the defendant has plead guilty," and made further objection to the evidence of the misdemeanor conviction on the ground that it was for "a crime not involving moral turpitude" and "not encompassed even within Art. 37.07."

After hearing the evidence, the court fixed appellant's punishment at five months in jail and pronounced sentence in the cause.

Two grounds of error are presented by appellant in his brief filed in the trial court in support of his motion for a new trial.

The first ground urged is, in substance, that the court erred in utilizing the alternate procedure provided by Art. 37.07 of the code in determining appellant's guilt and the

punishment to be assessed, for the reason that such article has no application to a felony case where the plea is "Guilty."

The second ground is that, for the same reason, the court erred in permitting evidence to be offered of appellant's prior criminal record. It is also urged that if Art. 37.07, supra, were applicable to the case the court erred in admitting evidence of the prior misdemeanor conviction for driving while intoxicated, which is an offense not involving moral turpitude. It is insisted that the phrase, "prior criminal record," used in Art 37.07 does not encompass misdemeanor offenses not involving moral turpitude.

To pass upon the errors urged by appellant it is necessary to consider certain articles of the Code of Criminal Procedure.

Art. 37.07 of the code reads, in part, as follows:

"Verdict must be general; separate hearing on proper punishment

"(1) The verdict in every criminal action must be general. When there are special pleas on which a jury is to find, it must say in its verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, it must find that the defendant is either guilty or not guilty.

"(2) Alternate procedure.

"(a) In felony cases less than capital and in capital cases where the State has made it known that it will not seek the death penalty, and where the plea is not guilty, the judge shall, before the argument begins, first submit to the jury the issue as to the guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed; provided, however, that in the charge which submits the issue of guilt or innocence there shall be included instructions showing the jury the punishment

provided by law for each offense submitted.

"(b) If a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense charged where the same is not absolutely fixed by law to some particular penalty except when the defendant, upon the return of a finding of guilty, requests that the punishment be assessed by the same jury. In the event the defendant elects to have the jury fix the punishment in cases where the punishment is fixed by law, the court shall instruct the jury that if they find the defendant is the same person who was convicted in the prior conviction or convictions alleged for enhancement, they should set his punishment as prescribed by law.

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character."

Art. 26.14 of the code reads as follows:

"Jury on plea of guilty

"Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 and 37.07 shall have waived his right to trial by jury."

Art. 1.13 of the code reads, in part, as follows:

"Waiver of trial by jury

"The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon

entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. * * *"

It is apparent to the writer, from reading the above statutes, that it was the intention of the legislature to provide for an alternate procedure, in certain felony cases, whereby there would be a separate determination of the guilt of an accused and the punishment to be assessed.

Upon a finding of "Guilty," it becomes the responsibility of the judge to assess the punishment except where the defendant requests that the punishment be assessed by the same jury.

Regardless of whether the punishment be assessed by the judge or by the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation, and his character.

While Art. 37.07 refers only to certain felony cases where the plea is "Not guilty," I think that such article—when read in connection with Art. 26.14 of the code—is also applicable to cases where the plea is "Guilty."

Art. 26.14, by its own terms, applies to felony cases where a plea of guilty, or nolo contendere, is entered, and provides that "a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, *unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury.*"

The reference in Art. 26.14 to the waiver of a trial by jury, in accordance with Art. 37.07, clearly evidences an intention of the legislature that the provisions of Art. 37.07 shall be applicable to felony cases where there is a plea of guilty.

The writer thinks that Art. 37.07 is applicable to felony cases enumerated therein

where a plea of guilty has been entered by the accused.

In the instant trial, appellant waived his right to have the jury assess the punishment, and it became the responsibility of the trial judge, since appellant did not request the jury to assess his punishment.

I would overrule ground of error #1.

I would also overrule appellant's ground of error #2.

The prior misdemeanor conviction for driving while intoxicated, although not for an offense involving moral turpitude, was admissible as a part of appellant's "prior criminal record," under the provisions of Art. 37.07, I think.

To be admissible under this provision of the statute it is not necessary, in my judgment, that the prior misdemeanor conviction be for an offense involving moral turpitude, as would be required if it were offered for the purpose of impeachment under Art. 38.29 of the code.

I dissent to the reversal and would affirm the judgment.

## OPINION
## ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

It has been the statutory law of this state since the Original Code that where a defendant in a felony case persists in pleading guilty, and the punishment is not absolutely fixed by law, a jury shall be *impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon.* O.C. 476, Art. 502 C.C.P.1925, Art. 26.14 C.C.P.

As early as 1885 the Court of Appeals held that such provision was mandatory and said:

"It is not a provision, insofar as it requires evidence to be submitted, which is intended solely for the benefit of the de-

fendant. It is intended, also, and more especially, to protect the interests of the State, by *preventing* aggravated cases of crime to be covered up by the plea of guilty, so as to allow the criminal to escape with the minimum punishment fixed by law." (Harwell v. State, 19 Tex. App. 423)

In view of the state's concern as to the effect of the majority opinion in future trials, before the Legislature has the opportunity to amend the admittedly ambiguous statutes, it is deemed proper that we express our views as to the effect of the separate paragraph found in Art. 37.07, Sec. 2(b), which reads:

"Regardless of whether the punishment be assessed by the judge or the jury, evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character."

The prior decisions of this court have been that a jury called to assess the punishment upon the defendant's plea of guilty to the crime charged may not receive or consider evidence of other offenses unless admissible under the usual rules applicable to criminal prosecution where the plea is not guilty. Carroll v. State, Tex.Cr.App., 365 S.W.2d 786; Salinas v. State, 146 Tex.Cr. R. 358, 175 S.W.2d 253; Williams v. State, Tex.Cr.App., 215 S.W.2d 627; Beard v. State, 146 Tex.Cr.R. 96, 171 S.W.2d 869; Hopkins v. State, Tex.Cr.App., 68 S.W. 986.

The decisions mentioned do not appear to follow the majority view. 96 A.L.R.2d 815.

Unlike cases where evidence as to extraneous offenses may deprive a defendant of his right to a fair trial on the issue of guilt, no constitutional question or statutory construction was involved in the Texas cases above cited. The reason assigned was that such evidence was not legitimate or was not competent.

Since the enactment of the above quoted portion of Art. 37.07, Sec. 2(b) C.C.P., our prior opinions holding that similar evidence is not legitimate, competent or admissible before a jury impaneled under Art. 26.14 to assess the punishment are no longer applicable or controlling.

The Legislature has not seen fit to adopt the procedure used in most jurisdictions whereby the judge, after pre-sentence investigation and report, assesses the punishment, but has through Articles 26.14 and 37.07, in a large measure, accomplished their purpose and intent "to take the blindfold off" of the jury that has the responsibility of assessing the punishment.

1. Art. 1.13 furnishes a procedure whereby the punishment must be assessed by the court without the benefit of evidence such as provided for in Art. 37.07, Sec. 2(b). (This is so because Art. 1.15 requires that the evidence introduced showing the guilt of the defendant be accepted by the court as the basis of its judgment.)

Without the consent and approval of the court and the attorney representing the state, the defendant may not waive a jury under Art. 1.13.

2. The alternate procedure provided for in Art. 37.07, Sec. 2, C.C.P., whereby: "the issue as to guilt or innocence of the defendant is first submitted to the jury without authorizing the jury to pass upon the punishment to be imposed," is not applicable where the case is submitted to the jury on a plea of guilty or in a capital case where the state is seeking the death penalty, and the punishment in such cases must be assessed by the jury and not by the judge.

3. Art. 26.14, as construed in the majority opinion on original submission, furnishes the only procedure whereby the attorney representing the state may require that the punishment be assessed by a jury. It applies where the defendant

persists in pleading guilty to a felony and the jury is instructed to find him guilty.

4. In view of the provision of Art. 37.07, Sec. 2(b), evidence may now be offered before a jury impaneled to assess the punishment "as to the prior criminal record of the defendant, his general reputation and his character," whether such jury is impaneled pursuant to Art. 26.14 or after the jury verdict of guilty has been returned.

5. A conviction for the misdemeanor offense of drunk driving other than that alleged in the indictment is admissible at either such trial as a part of the defendant's prior criminal record.

In further support of our holding that the trial court erred in declining to submit to the jury the question of the punishment to be assessed, we point out that some of the provisions of Art. 36.01 cited by the state cannot be followed in a trial on a plea of guilty where the jury is impaneled to assess the punishment.

Section 5 of said Article provides:

"The nature of the defenses relied upon and the facts expected to be proved in their support shall be stated by defendant's counsel."

Section 5 could not apply to a trial on a plea of guilty. If a defense was offered at such a trial it would be the duty of the court to withdraw the plea of guilty.

Section 8 provides:

"In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07."

This provision is consistent with the express provisions of Art. 37.07 applicable to trials where the plea is not guilty.

If it was the intention of the Legislature that the alternate procedure provided in Art. 37.07 should apply where the plea is guilty, why did they not say so in said Article instead of saying "and where the plea is not guilty * * *." ?

The state's motion for rehearing is overruled.

## CONCURRING OPINION ON STATE'S MOTION FOR REHEARING

MORRISON, Judge.

It appears from the State's motion for rehearing that they have misconstrued the majority opinion. It should be noted that we said, "We need go no further than this point to dispose of this case."

While I agree with the result reached by Brother Woodley, I would not gratuitously castigate the Legislature, and I do not agree with him that they should amend the Code which they so recently enacted. The interpretation we here give the same renders any amendment unnecessary.

I would, however, call attention, which he has failed to do, to Sec. (f) of Article 37.07, V.A.C.C.P. which reads: "Nothing herein shall be construed as affecting the admissibility of extraneous offenses on the question of guilt or innocence."

We are here holding, as I see it, that where a plea of guilty is before the jury there is no reason or necessity for a separate trial as to punishment, and the trial court should proceed in an orderly manner, hearing both the evidence as to accused's guilt of the primary offense and evidence to his prior criminal record, his general reputation and character, but not receive evidence of extraneous offenses unless they form a part of his prior criminal record.

I agree that the State's motion should be overruled.

## DISSENTING OPINION

McDONALD, Presiding Judge.

I dissent to overruling the State's Motion for Rehearing for the reasons stated in my dissenting opinion on original submission.