Jackie Lee RICHARDSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60481.

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 16, 1981.

Robert N. Eames, Denton, court appointed on appeal only, for appellant.

Jerry Cobb, Dist. Atty., and Bruce F. Baxter, Asst. Dist. Atty., Denton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction of indecency with a child. Following the verdict of guilty, the jury found appellant had been twice previously convicted of felony offenses, and punishment was assessed at life. The sufficiency of the evidence to support the conviction is not challenged.

In his first ground of error, appellant contends the trial court erred in failing to grant a mistrial after the prosecutrix made an unresponsive answer which showed appellant had previously been to the penitentiary. The portion of the cross-examination complained of is as follows:

"Q. (By Defense Counsel, Mr. White) When Jackie—when you say that Jackie stuck his finger up your vagina, you didn't make a sound then?

"A. I was scared because he has been in—to the pen before and I was afraid—

"MR. WHITE: Your Honor—

"A. —to make any noises.

"MR. WHITE: Your Honor, I object to that line of testimony as unresponsive and I request the Court to instruct the jury to disregard it.

"THE COURT: Ladies and gentlemen, you are to disregard the last statement of the witness.

"MR. WHITE: And further move for a mistrial.

"THE COURT: Your motion for mistrial is denied. Would you like for me to instruct the witness to be responsive?

"MR. WHITE: Yes, I would, Your Honor.

"THE COURT: All right. L_____, just answer the questions that the attorneys ask you and don't add anything else. If they want you to explain something, they will ask you. Just answer the questions if you would."

Appellant contends that the prompt instruction of the trial court was not sufficient to cure any harm, and argues that *Salinas v. State*, 146 Tex.Cr.R. 358, 175 S.W.2d 253 (1943), dictates a reversal on this ground. In *Salinas*, the defendant had entered a plea of guilty and did not testify. The record showed the following questions by the prosecutor and the answers of the State's witness:

"Q. You are so well acquainted with him (the defendant) that he calls you 'San?'

"A. Yes, sir.

"Q. You have had occasion to see and talk to him?

"A. Yes, sir, since he returned from the penitentiary."

Following objection, the trial court in *Salinas* instructed the jury to disregard the testimony but denied the defendant's motion for a mistrial. In reversing, this Court noted:

"... We think there is merit in his contention inasmuch as the jury imposed the highest penalty prescribed by law for the offense charged, notwithstanding the fact that appellant had pleaded guilty. Just to what extent this testimony contributed to the infliction of the highest punishment by the jury we are unable to say."

■ We cannot, however, say that the evil present in *Salinas* also attends the case at bar. In *Salinas*, the only function of the jury was to assess punishment following the defendant's plea of guilty. In the instant case, the complained of testimony came before the jury at the guilt stage of the bifurcated trial. *Salinas* also differs in the fact that the unresponsive answer came on direct examination by the prosecutor whereas in the case before us the answer was to a question posed by defense counsel. In light of the other evidence before the jury, we cannot say that the evidence was so prejudicial that it could not have been corrected by the trial court's prompt instruction to disregard. Generally, an instruction to disregard will cure any unresponsive answer. See *Ridyolph v. State*, 545 S.W.2d 784 (Tex.Cr.App.1977). In *Thompson v. State*, 486 S.W.2d 343 (Tex.Cr. App.1972), a State's witness was asked on cross-examination when he first met the defendant. The answer revealed an extraneous burglary offense. This Court held an instruction to disregard sufficient to cure any error.

■ It should also be noted that our holding does not imply that we find the action of the trial court to be erroneous. The State argues that the question by appellant of the prosecutrix was an attempt to impeach her credibility as a witness by implying that she should have made immediate outcry at the time of the touching. Citing *Adams v. State*, 156 Tex.Cr.R. 63, 225 S.W.2d 568 (1949), the State contends the answer in the case at bar to have been responsive, and the testimony of the prosecutrix to have been a proper explanation to show why she made no immediate outcry. Under the circumstances here presented, we cannot say that the answer given by the prosecutrix was improper.

■ Appellant next contends that the trial court erred in failing to grant his motion for mistrial following the mention by the prosecutrix of a polygraph test. During cross-examination, the attorney for appellant asked for and received a copy of a written statement made by the prosecutrix to the sheriff's department immediately following the offense. Thereafter, the following occurred:

"Q. (By Defense Counsel) Have you made any more statements, L_____?

"A. That paper?

"Q. Yeah, that paper. Is that the only thing you have signed?

"A. Uh-huh—no, I have signed something else; it was when I went to take a polygraph test."

Appellant's attorney immediately objected, the jury was instructed to disregard the mention of the polygraph, and appellant's motion for mistrial was overruled. Essentially, the same unresponsive remark has been the subject of numerous decisions by this Court. In the recent case of *Marini v. State*, 593 S.W.2d 709 (Tex.Cr.App.1980), as well as the cases of *Reed v. State*, 522 S.W.2d 466 (Tex.Cr.App.1975), and *Roper v. State*, 375 S.W.2d 454 (Tex.Cr.App.1964), it was held that where a witness gives an unresponsive answer which mentions a polygraph test but does not mention the

results of such test, there is no error in failing to grant a mistrial where the objection has been sustained and the jury instructed to disregard.

■ In his third ground of error, appellant contends that the prosecutor committed reversible error during jury argument by commenting on the contents of the written statement of the prosecutrix which was not in evidence, and that such argument amounted to improper bolstering of the witness. As noted above, the written statement which had been given to the sheriff's department was delivered to appellant's attorney in the presence of the jury. Thereafter, during cross-examination, appellant's attorney used the statement to point out inconsistencies between the testimony of the prosecutrix at trial and the contents of the statement. During argument, the following occurred:

> "(By Prosecutor): It either happened or it didn't. Now you have got to decide that it either happened or it didn't. And if it happened the way (prosecutrix) says it happened and the way her statement reads it happened and the way her outcries to her aunt—
>
> "(By Defense Counsel): Your Honor, I am going to object to that as interjecting into his arguments evidence that is not before this jury."

The court thereafter overruled appellant's objection and motion for mistrial. From the record before us, we fail to perceive error. The prosecutor did not attempt to relate to the jury the contents of the statement. Also, it is clear that the jury was aware of the statement, and from the vigorous cross-examination of the prosecutrix based on that statement, knew the salient contents of it. The argument of the prosecutor did not interject new evidence, but was no more than a reasonable deduction from the testimony previously before the jury. See *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App.1980).

In his final ground of error, appellant contends that V.T.C.A. Penal Code, Section 12.42, is unconstitutional as applied in this case. This contention has been answered adversely to appellant in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

The judgment is affirmed.