**James MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0550–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 15, 1983.

**314**

Candelario Elizondo, Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

A jury convicted appellant of the offense of aggravated robbery and assessed his punishment at 25 years confinement. Appellant raises two grounds of error in this appeal.

The complainant testified that on the evening of January 27, 1982, she was walking to a neighborhood church when she noticed the appellant. He pointed a gun at her and asked if she had any money. At three distinct times during the course of taking approximately $21.00 from the complainant, appellant threatened to kill her if she screamed. The complainant next saw the appellant at the apartment complex of a friend approximately six weeks later, and she immediately called the police. Appellant was subsequently arrested and charged with the offense which was enhanced by a prior burglary conviction, later abandoned by the State.

Appellant's wife, brother, and stepdaughter testified that on the morning of January 27, 1982, appellant had a cast on his leg and did not take it off until about one o'clock that day. His leg and foot were so swollen, they testified, that he couldn't possibly walk at any time during that day.

In his first ground of error, the appellant alleges that the trial court erred in refusing to grant his motion for mistrial after the State's police witness gave an unresponsive answer revealing that the appellant had a criminal record. The testimony of which the appellant complains was elicited by defense counsel upon cross-examination of the State's witness, Houston Police Officer Kurt Rodgers, as follows:

Q. How tall do you think she (the complainant) is?

A. 5'9", 5'10".

Q. And you stated you took some notes yourself, where you stated this Defendant was 5'9", 5'10"

A. I wrote all that down after we got to the station. I think I asked him, or maybe I had an I.D.; I may have gotten it off a rap sheet. I don't remember.

Defense counsel objected to the unresponsive portion of the answer, and the judge promptly gave the jury an instruction to "disregard the last comment made by the witness for any purpose whatsoever." Defense counsel's request for a mistrial was denied.

Appellant relies primarily on *Salinas v. State,* 146 Tex.Cr.R. 358, 175 S.W.2d 253 (1943), where the State's witness answered the prosecutor's questions as follows:

Q. You are so well acquainted with him (the defendant) that he calls you 'San?'

A. Yes, sir.

Q. You have had occasion to see and talk to him?

A. Yes, sir, since he returned from the penitentiary.

The court held, notwithstanding an instruction from the trial judge, that the error was not harmless in view of the fact that the maximum punishment had been assessed, and it reversed the conviction.

▇▇▇ In a more recent case, the general rule has been·established by the Court of Criminal Appeals that where prejudicial information in an unresponsive answer is in-

advertently placed before a jury, an instruction by the trial judge to disregard such answer will be sufficient to cure virtually *any* error. *Williams v. State,* 643 S.W.2d 136 (Tex.Cr.App.1982). An exception to such general rule arises only in extreme cases where it appears that the prejudicial information or improperly admitted testimony is clearly calculated to inflame the minds of the jury and is of such potent character as to suggest the impossibility of withdrawing the impression produced within the minds of the jurors. *Hobbs v. State,* 650 S.W.2d 449 (Tex.App.—Houston [14th Dist.] 1982).

 In determining whether such an exception to the general rule exists, this Court must evaluate each such issue upon the particular facts of the case. In the case at bar, the witness did not directly inform the jury that the appellant had previously been arrested nor that he had ever been to the penitentiary. His reference to a "rap sheet" and to an "I.D." indicated merely two frequently available sources of descriptive personal information, and were terms that a citizen not involved in law enforcement would probably not understand. In light of the context in which the phrases were used, absent any explanation of the terms, the jury could reasonably have believed that a "rap sheet" or an "I.D." merely contained a description of the defendant and of the offense for which he was currently under arrest. In cases where an even more damaging and prejudicial unresponsive answer *directly* informed the jury that a defendant had previously served time in the penitentiary, the court held that an instruction to disregard *cured* the error. *Williams, supra; Richardson v. State,* 624 S.W.2d 912 (Tex.Cr.App.1981).

The record reveals that the jurors did not consider the unresponsive part of the witness's answer in reaching a verdict on either guilt or punishment. No evidence was shown upon a hearing for new trial indicating that the jurors had been improperly influenced by the reference to a "rap sheet." In this respect, the instant case is unlike *Hicks v. State,* 172 Tex.Cr.R. 195, 355 S.W.2d 189, 190 (1962), where the court, upon reviewing the testimony of several jurors at the motion for new trial, had before it a positive showing that the jury *did* consider a prejudicial reference to "mug shots" in reaching a verdict. No such showing has been made in the case at bar.

Moreover, the note sent to the court by the jurors during deliberations for the punishment phase of the trial indicated that the jury was unaware of any criminal record of the appellant. The note read as follows:

Why have we not been told if the defendant has a prior criminal record? We feel it is valid in making our decision on sentencing.

The court responded: "You have all the evidence on this issue. Simply follow the charge."

Clearly, the jury wanted to know whether or not the appellant had any prior criminal record—and the note indicates that the jury had not formed an opinion on this matter. The court's instruction to follow the charge, which mentions nothing about the appellant's criminal history, was more likely to give the jury the idea that the appellant had no prior criminal record. We hold, therefore, that the error was harmless and was cured by the court's prompt instruction to disregard. There is nothing in the record to indicate that the unresponsive part of the officer's answer affected either the jury's verdict of guilt or the punishment assessed. We note that, in contrast to the *Salinas* case, *supra,* the jury here did not give appellant the maximum sentence.

The appellant's first ground of error is overruled.

In his second ground of error, the appellant alleges cumulative error, contending that at least six instances of improper jury argument contributed to deny the appellant a fair trial. Although, as alleged by the State, it is somewhat multifarious, this ground of error clearly describes the various objections of the appellant in such a manner as to enable this Court to identify them individually and, in the interest of

justice, we will address the merits of each such complaint.

■ Appellant maintains that several statements of the prosecutor, to the effect that it is an indignity on the complainant to be forced to testify, are objectionable. The defense counsel objected at trial, however, only to the following statement of the prosecutor:

> Because in our system, if you get robbed at gunpoint, that's just the beginning of your agony; and that is just the beginning of your indignity.

An argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts, harmful to the accused, into the trial proceedings. *Goocher v. State,* 633 S.W.2d 860 (Tex.Cr.App. 1982); *Todd v. State,* 598 S.W.2d 286 (Tex. Cr.App.1980).

■ The above argument by the prosecutor was not untrue and certainly not extreme. It was a reasonable deduction from the evidence and as such, was within the permissible bounds of jury argument outlined in *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). The jury could reasonably infer from the evidence that the victim experienced some indignity and agony as the result of being robbed at gunpoint, being fondled by the appellant during the robbery, and by having to relive the events of the crime in a courtroom full of strangers. Other statements by the prosecutor to the same effect were not objected to at trial; therefore, nothing is preserved for review. *Sanchez v. State,* 589 S.W.2d 422 (Tex.Cr.App.1979).

Appellant further complains that the prosecutor argued evidence outside the record in the form of his unsworn statement regarding appellant's wife's testimony, as follows:

> You don't think a person would lie when their husband is charged with aggravated robbery? Well, folks, if you don't, with all due respect, you're very naive. And that's a problem; because we have good people, honest people on the juries. And

we often have liars on the witness stand, and it's hard to accept.

■ It is not error for the prosecutor to argue that a defense witness was not telling the truth. *Bridges v. State,* 624 S.W.2d 718 (Tex.App.—Houston [14th Dist.] 1981, p.d.r.r.). In addition, defense counsel's failure to request an instruction to disregard after his objection was sustained waives any error. Appellant received all the relief he requested. *Duran v. State,* 505 S.W.2d 863, 866 (Tex.Cr.App.1974).

■ Appellant next complains of the prosecutor's argument during the punishment phase of the trial that a verdict of five years would be merely a slap on the appellant's wrist. No objection was raised at the trial; therefore, nothing was preserved for review. *Sanchez, supra.*

■ Finally, the appellant complains of the prosecutor's reference during argument to the possibility of a mistrial if a unanimous verdict could not be reached. Appellant's counsel objected to the argument but failed to secure a ruling from the trial judge. Defense counsel *must* obtain an adverse *ruling* on his objection in order to preserve error. *Nastu v. State,* 589 S.W.2d 434, 441 (Tex.Cr.App.1979). Furthermore, the statement of the prosecutor regarding the necessity of unanimity was merely an explanation of the court's charge on punishment which instructed the jury that "the verdict . . . must be unanimous."

Appellant has failed to show that the prosecutor's argument was so improper, or extreme, as to constitute reversible error. *Vineyard v. State,* 96 Tex.Cr.R. 401, 402, 257 S.W. 548, 550 (1924). Accordingly, his second ground of error is overruled, and the judgment of the trial court is affirmed.