Guillermo Cano v. SOT



NUMBER 13-00-106-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


GUILLERMO CANO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________

On appeal from the 92nd District Court of Hidalgo County, Texas.

____________________________________________________________________

MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


A jury found appellant, Guillermo Cano, guilty of the offense of criminally negligent homicide. In three issues, appellant
contends: (1) the evidence is legally insufficient to support his conviction, (2) the prosecutor committed misconduct by
intentionally offering evidence of his polygraph test, and (3) the trial court erred by denying his motion for a mistrial. We
affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1. 

In his first issue, appellant contends the evidence is legally insufficient to support his conviction. He argues there is no
evidence he was aware of the risk of death to the victim.

When we review a legal sufficiency of the evidence issue, we view all the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000); Rosillo v. State, 953 S.W.2d 808, 811 (Tex. App.--Corpus Christi 1997, pet. ref'd). The jury, as the sole judge of the
credibility of the witnesses and the weight to be given their testimony, is free to accept or reject all or any part of the
testimony of any witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). Contradictions or conflicts
between the witnesses' testimony do not affect the sufficiency of the evidence; rather, they relate to the weight of the
evidence, and the credibility the jury assigns to the witnesses. See Weisinger v. State, 775 S.W.2d 424, 429 (Tex.
App.-Houston [14th Dist.] 1989, pet. ref'd). The jury exclusively resolves conflicting testimony in the record. Heiselbetz v.
State, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995). A reviewing court may not substitute its conclusions for that of the
jury, nor may it interfere with the jury's resolution of conflicts in the evidence. Id.

The Texas Penal Code provides that "a person commits an offense if he causes the death of an individual by criminal
negligence." Tex. Pen. Code Ann. § 19.05 (a) (Vernon 1994).

A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct or
the result of his conduct when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the
result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation
from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Tex. Pen. Code Ann. § 6.03 (d) (Vernon 1994). 

After reviewing all the evidence, we hold the evidence is legally sufficient to support the jury's verdict that appellant
committed the offense of criminally negligent homicide. Appellant's first issue is overruled.

In his second and third issues, appellant contends the prosecutor committed misconduct by intentionally offering evidence
that appellant had been administered a polygraph test and the trial court erred by refusing to grant a mistrial once the
evidence was before the jury.

A trial court may not admit polygraph examination evidence or consider it for any purpose, even if the State and the
defendant agree and stipulate to use the results of the polygraph examination at trial. Tennard v. State, 802 S.W.2d 678,
683 (Tex. Crim. App. 1990). When a witness gives a nonresponsive answer that mentions a polygraph test, courts initially
inquire whether the results of the test were revealed. When the results are not revealed, there is generally no error in failing
to grant a mistrial if the trial court sustains the adverse party's objection and instructs the jury to disregard the answer.
Richardson v. State, 624 S.W.2d 912, 914-15 (Tex. Crim. App. [Panel Op.] 1981); Peoples v. State, 928 S.W.2d 112,
115-16 (Tex. App.-Houston [1st Dist.] 1996, pet ref'd). On the other hand, when results are revealed to the jury, the failure
to grant a mistrial is generally error. Robinson v. State, 550 S.W.2d 54, 61 (Tex. Crim. App. 1977).

Even when results of the test are not revealed, there still may be error warranting reversal. Reviewing courts examine (1)
whether the question exhibited bad faith by being designed to elicit that a polygraph was taken or what the results of that
polygraph were, and (2) whether the effect of the evidence is to impeach the defendant's defensive theory or to bolster the
State's case. Sparks v. State, 820 S.W.2d 924, 927-30 (Tex. App.-Austin 1991, no pet.).

The record reflects appellant never objected to the inadmissible polygraph evidence when it was offered by the State. To
preserve error, it has been consistently held that one must object each and every time inadmissible evidence is offered.
Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), overruled on other grounds, Matchett v. State, 941 S.W.2d
922, 928 (Tex. Crim. App. 1998). This rule applies to testimony regarding polygraph examination results. See Leach v.
State, 548 S.W.2d 383, 385 (Tex. Crim. App. 1977); Long v. State, 10 S.W.3d 389, 399 (Tex. App.-Texarkana 2000, pet.
ref'd).

In order to preserve error for review, appellant should have objected to all references that were made about the polygraph
test. Appellant did not object when the exam was first mentioned by Officer Lara or when the State clarified through him
that appellant requested the exam. In fact, after the trial court instructed the jury to disregard any reference to the polygraph
exam, appellant elicited testimony from Lara that appellant suggested Lara set up the exam for him to take. See generally
Willis v. State, 785 S.W.2d 378, 383 (Tex. Crim. App. 1989) (even assuming admission of evidence was error, it is
harmless if other evidence is admitted without objection that proves the same facts).

Assuming, arguendo, that appellant did not waive this issue for our review by not objecting and by eliciting testimony
about the polygraph during cross-examination, the record shows the results of the polygraph were not revealed to the jury.
In fact, the polygraph examination was mentioned only when the State was trying to lay a foundation for statements
appellant made to the polygraph examiner after the exam was administered.

Even though the existence of the polygraph examination should not have been mentioned, we conclude: (1) the State did
not exhibit bad faith when it questioned Lara, (2) it was not the State's intention to get the results of the exam before the
jury, and (3) the trial court's instruction to disregard cured any harm the mention of the exam might have caused. See Tex.
R. App. P. 44.2; Richardson, 624 S.W.2d 914-15. Because the State's questions cannot be considered as designed to elicit
inadmissible polygraph testimony, we hold the trial court did not err in failing to grant a mistrial. Appellant's second and
third issues are overruled.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this

the 12th day of July, 2001.