11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gloria
Posada-Martinez

Appellant

Vs.                   No.  11-02-00231-CR -- Appeal from Collin County

State
of Texas

Appellee

 

The jury convicted Gloria Posada-Martinez of
recklessly injuring a child and assessed her punishment at confinement for a
term of 5 years in the Institutional Division of the Texas Department of
Criminal Justice.  The jury also imposed
a fine of $2,000.  Based upon the jury=s recommendation, the trial court
suspended the imposition of the confinement portion of the sentence and placed
appellant on community supervision for 5 years. 
Appellant brings 2 issues on appeal, asserting that the trial court
should have granted a mistrial when one of the State=s
witnesses made reference to a polygraph examination during his trial
testimony.  We affirm.

Appellant=s
conviction arises from the death of her 6-month-old son.  The child=s
babysitter discovered that the child was extremely ill after appellant dropped
off the child with the babysitter.  A
medical examination of the child revealed that he had been seriously abused.  The child subsequently died as a result of
the abuse.  An autopsy of the child
revealed a closed head injury as the cause of death.  The police initially identified three possible
suspects as the perpetrator of the abuse: (1) appellant; (2) the father of the
child (appellant=s
boyfriend); and (3) the babysitter.  The
police subsequently eliminated the father and the babysitter as suspects.

Prior to the commencement of voir
dire examination, defense counsel presented a handwritten motion in limine to the prosecutor and the trial court for
consideration.  The motion sought to
prevent the State and its witnesses from making any reference to polygraph
examinations at trial.  The following
discussion occurred at that time with respect to the motion in limine:

[DEFENSE COUNSEL]: 
With regardsBthere=s also a motion in limine
regarding testimony of a polygraph, I would like Your Honor to instructBare we in agreement about that?








[PROSECUTOR]: 
Yes, I agree with that.

 

[DEFENSE COUNSEL]: 
Okay.  Sign that.  I would like Your Honor to instruct the
Prosecutor to instruct all of his witnesses not to mentionBany mention of a polygraph taken by any
of the witnesses.

 

THE COURT: 
Yes, and it is granted.  He=ll agree to
that I=m sure. 

 

[DEFENSE COUNSEL]: 
Here=s the
motion with both our signatures agreeing to it.

 

THE COURT: 
The witnesses should be admonished, if you think one might be going to
do so.

 

[PROSECUTOR]:  Yes, sir.

 

The motion contained signature lines for defense counsel, the
prosecutor, and the trial court, each of whom signed the motion.  The statements Aagreed
to by defense@ and Aagreed to by state@ preceded the respective signature
lines for the defense counsel and the prosecutor.   

The mention of a polygraph examination occurred
during the direct examination of Oscar Perez, a deputy employed by the Collin
County Sheriff=s
Office.  The State called Deputy Perez as
a witness to provide testimony regarding appellant=s
behavior and demeanor with respect to the death of her child.  Deputy Perez accompanied appellant and the
child=s father
to Cook=s
Children Hospital in Fort Worth so that they could be with the child at the
time that he was taken off life support. 
Deputy Perez referred to a polygraph examination in the following
dialogue with the prosecutor:

Q:  And did
you transport them back to the Collin County Detention Facility?

 

A:  Yes.

 

Q:  During
that time, were you able to note the demeanor and discussions between the two?

 

A:  On the
way back, she did most of the talking. 
There was no weeping on either of the two.  The gentleman, he was pretty much quiet the whole
time.  [Appellant] did the majority of
the talking.  They just pretty much
carried on a conversation; but, again, she did the majority of the talking and
thenB

 

Q:  Do you
know what she was saying?

 








A:  She spoke of how B she asked him if he had failed the
polygraph test that B
that they had taken.  

 

Upon defense counsel=s
objection to Deputy Perez=s
testimony, the trial court considered the matter outside of the jury=s presence.  Defense counsel argued that the testimony
violated the motion in limine and requested a
mistrial.  Defense counsel also asserted
that the testimony had harmed the defense to the extent that an instruction to
the jury to disregard the testimony could not cure the harm.  The prosecutor responded by arguing that any
harm caused by the testimony could be cured by an instruction because the
testimony did not reveal the results of the polygraph examination.  The prosecutor further asserted that he had
instructed all of the witnesses not to mention a polygraph examination and that
he did not try to elicit that information from Deputy Perez with his
question.  The trial court expressed
concern during the hearing that an instruction to disregard might unduly
emphasize the testimony concerning a polygraph examination.  Defense counsel agreed with this
concern.  The hearing concluded with the
trial court informing the parties that it would delay ruling on the matter
until the next morning of trial.[1]


The trial court revisited the issue at the
beginning of the next day=s
proceedings in another hearing conducted outside of the jury=s presence.  The State argued that the holding in Richardson
v. State, 624 S.W.2d 912 (Tex.Cr.App.1981), applied since there was no
testimony regarding the results of a polygraph examination.[2]  Relying on Richardson, the State
argued that an instruction to disregard would be sufficient to cure the harm
created by Deputy Perez=s
testimony.  The trial court agreed with
the State=s
contention by overruling the motion for mistrial and instructing the jury to
disregard any testimony regarding a polygraph examination.   








Both of appellant=s
issues on appeal concern the trial court=s
denial of her request for a mistrial. 
The State initially asserts that appellant did not properly preserve
error with respect to her request for a mistrial because she did not ask for an
instruction to disregard prior to asking for a mistrial.  The State also contends that appellant waived
her request for a mistrial when defense counsel initially objected to the
giving of an instruction to disregard.  

Three steps are necessary to preserve error as to
an adverse trial court ruling regarding evidence admitted or placed before the
jury:  (1) a specific, timely objection;
(2) a request for an instruction to disregard; and (3) a motion for mistrial.   Fuller v. State, 827 S.W.2d 919, 926
(Tex.Cr.App.1992); Lusk v. State, 82 S.W.3d 57, 60 (Tex.App.
B Amarillo 2002, pet=n ref=d).   To preserve error, the specific objection
must be pressed to the point of obtaining an adverse ruling, whether that is a
ruling on the objection, the request that the jury be instructed to disregard
the evidence, or the motion for mistrial.  Fuller v. State, supra at 926; Lusk v.
State, supra at 60.  As noted
in Lusk:

The
exact sequencing of the procedural steps is not so critical as is the fact that
the movant persists in seeking all available relief
from the trial court, until the trial court effectively denies relief to which
the movant is entitled.  For example, if the objection is overruled,
an adverse ruling has been immediately obtained.  And, in regard to the sequencing of requests
for all available relief, it has been held that the sequence of requesting a
mistrial, which request was overruled, followed by requesting an instruction to
disregard which was granted was sufficient to preserve error as to the failure
to grant a mistrial.  (Citations omitted)

 

Lusk v. State, supra at 60.  We find that appellant preserved error
because she obtained an adverse ruling on her request for a mistrial.

In her first issue, appellant contends that the
trial court erred in denying her motion for mistrial based on the language of
the motion in limine.[3]  Appellant=s
motion in limine contained the following statement: AAny mention by any witness regarding a polograph (sic) examination of anyone in this case would be
extremely predjudicial (sic) & inadmissible &
would neccessitate (sic) a mistrial.@ 
Appellant contends that this language in the motion in limine constituted a binding agreement between the parties
and the trial court which required the granting of a mistrial if anyone
mentioned a polygraph examination at trial.  









As noted by Justice Onion in Harnett v. State,
38 S.W.3d 650, 655 (Tex.App. - Austin 2000, pet=n ref=d),
no formal provision is made for motions in limine in
the Texas Code of Criminal Procedure or elsewhere.  A ruling on a motion in limine
does not purport to be one on the merits but one regarding the administration
of the trial.  Harnett v. State, supra
at 655.   A motion in limine does not preserve error irrespective of whether the
motion is granted or denied.  Harnett
v. State, supra at 655. 
Traditionally, the remedy for a violation of a ruling on a motion in limine rests within the trial court=s
discretion.   Brazzell
v. State, 481 S.W.2d 130, 131 (Tex.Cr.App.1972).  Given the tenuous nature of a motion in limine, we disagree with appellant=s
contention that a provision in a motion in limine
restricted the remedies which the trial court could impose in the exercise of
its discretion for a violation of a limine
ruling.   Appellant=s first issue is overruled.

In her second issue, appellant contends that the
harm created by Deputy Perez=s
testimony was such that it could not have been cured by an instruction to
disregard and argues that the testimony created the implication that appellant
had taken and failed a polygraph examination. 
Appellant also asserts that the testimony occurred as a result of Abad faith questioning@ by the prosecutor.  

Because of their inherent unreliability and
tendency to be unduly persuasive, the existence and results of polygraph
examinations are inadmissible for any purpose in a criminal proceeding on
proper objection.  Tennard
v. State, 802 S.W.2d 678, 683 (Tex.Cr.App.1990).   However, the mere mention of a polygraph
examination does not automatically constitute reversible error even if the
results of the exam are revealed.  See
Tennard v. State, supra at 684.  When a polygraph exam is mentioned at trial
and defense counsel requests a mistrial, the reviewing court must first
determine whether the examination results were revealed to the jury.  See Tennard v.
State, supra at 684.  Generally, when
a witness mentions that a polygraph test was offered or taken but the results
are not revealed, an instruction to disregard is sufficient to cure any
error.  See Tennard
v. State, supra at 684; Richardson v. State, supra at
914-15.   However, when the results are
revealed to the jury, an instruction to disregard alone is insufficient; and
the reviewing court must conduct a harm analysis to determine whether the error
merits reversal of the trial court=s
judgment.  See Tennard
v. State, supra at 684.








As noted previously, the challenged portion of
Deputy Perez=s
testimony was as follows:  A[S]he asked him if he had failed the
polygraph test that B
that they had taken.@  Appellant argues that this statement informed
the jury that both she and the child=s
father had been administered a polygraph 
examination.  Appellant further
contends that the statement revealed the results of her polygraph examination
by creating the implication that she must have failed the polygraph examination
or else she would not have been prosecuted. 
We disagree with appellant=s
argument that Deputy Perez=s
statement revealed the results of her polygraph examination.  Under appellant=s
analysis, the mere  mention of a
polygraph examination being administered to a defendant would constitute a
statement revealing the results of the examination in every case because the
jury would always infer that the defendant failed the examination.  We disagree with appellant=s assertion that a jury would always
make this blanket inference.  Deputy
Perez=s
statement did nothing more than inform the jury that both appellant and the
child=s father
had been administered a polygraph examination. Therefore, the trial court=s instruction to disregard the
statement was sufficient to cure the harm caused by the statement under Richardson.  Richardson v. State, supra at
914-15.  

In determining whether the trial court erroneously
failed to grant a mistrial, the reviewing court may also consider:  (1) whether the questioning party exhibited
bad faith by asking a question designed to elicit polygraph evidence  and (2) whether polygraph evidence bolstered
the State=s
case.  Buckley v. State, 46 S.W.3d
333, 336‑37 (Tex.App. ‑ Texarkana 2001,
pet=n dism=d, untimely filed);  Sparks v. State, 820 S.W.2d 924, 927‑28
(Tex.App. ‑ Austin 1991, no pet=n). 
Appellant contends that Deputy Perez=s
testimony about a polygraph examination occurred as a result of a bad-faith
questioning by the prosecutor.  However,
the record does not support this contention. 
The prosecutor asked Deputy Perez: 
ADo you
know what she was saying?@  Deputy Perez replied:  AShe
spoke of how B she
asked him if he had failed the polygraph test thatBthat
they had taken.@  The prosecutor only asked Deputy Perez if he
comprehended what appellant stated.  He
did not ask Deputy Perez to reveal the contents of appellant=s statement. Deputy Perez=s reference to the substance of
appellant=s
statement was an unresponsive answer to the prosecutor=s
question.  Furthermore, the prosecutor
had a legitimate basis for asking Deputy Perez if he knew what appellant was
saying.  Deputy Perez based his testimony
regarding appellant=s
demeanor on conversations between appellant and the child=s father which were conducted in
Spanish.  The trial court did not abuse
its discretion in denying appellant=s
request for a mistrial.  Appellant=s second issue is overruled.








The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

March 18, 2004

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











     [1]The
testimony by Deputy Perez and the hearing to consider it occurred late in the
day.  





     [2]A[W]here a witness gives an
unresponsive answer which mentions a polygraph test but does not mention the
results of such test, there is no error in failing to grant a mistrial where
the objection has been sustained and the jury instructed to disregard.@ Richardson v. State, supra at
914-15. 

 





     [3]The
trial court did not enter a separate order granting the motion in limine.  Instead, the
trial judge simply signed the bottom of the motion in limine
on a line labeled AJudge Presiding.@