

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,916

### IN RE THE STATE OF TEXAS EX REL. JENNIFER THARP, Relator

### ON STATE'S PETITION FOR A WRIT OF MANDAMUS IN CAUSE NO. CR2011-325 IN THE 433RD DISTRICT COURT OF COMAL COUNTY

**PRICE, J., filed a dissenting opinion in which JOHNSON, J., joined.**

### DISSENTING OPINION

When it became clear that the trial judge in the underlying felony DWI prosecution, Judge Dibbrell Waldrip, did not intend to make a deadly weapon finding, the State withdrew its plea offer to Faulkner, the defendant. When Faulkner persisted in wanting to waive a jury trial and plead guilty before the court, the State declined to consent to the waiver, as it is absolutely entitled to do under Article 1.13 of the Code of Criminal Procedure.[1] Judge

---

[1] TEX. CODE CRIM. PROC. art. 1.13. *See State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 374 (Tex. Crim. App. 1984) (trial court lacks discretion to act as fact-finder when State declines to consent to jury trial waiver, and trial court "has a ministerial duty to conduct a jury trial").

Waldrip empaneled a jury accordingly. In what was apparently a surprise to the State, Faulkner then pled guilty to the jury, but requested that Judge Waldrip assess punishment. Judge Waldrip agreed and proposed to dismiss the jury. The State now seeks mandamus relief, arguing that a guilty plea before the jury is a unitary proceeding and that the jury must act as fact-finder—in fact, its *only* job under these circumstances is to hear evidence relevant to assessing punishment.[2]

We ordered a response from Judge Waldrip. In his response, Judge Waldrip points to the proviso in Article 26.14 of the Code of Criminal Procedure,[3] arguing that he had the authority to assess punishment even in the context of the "unitary proceeding" that follows a guilty plea to the jury—or, at least, that the law is not so clear otherwise that mandamus action is justified. After examining the case law and statutory history, I agree.

A defendant in a criminal case does not have a constitutional right to have a jury assess his punishment.[4] But in Texas, he does have a statutory option to go to the jury for

---

[2]

    *E.g.*, *Carroll v. State*, 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998). *See Fairfield v. State*, 610 S.W.2d 771, 776-77 (Tex. Crim. App. 1981) (noting "the conclusive effect of the entry of a guilty plea before the jury" and that punishment "is the only [issue] before the jury for arbitration").

[3]

    *See* TEX. CODE CRIM. PROC. art. 26.14 ("Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Article 1.13 or 37.07 shall have waived his right to trial by jury.").

[4]

    *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).

punishment in a felony case.[5] If he pleads not guilty, the statutory default is that the judge "shall" assess punishment, but the defendant may obtain jury assessment of punishment if he timely elects it or, later, if the State consents to it, under the terms of Article 37.07, Section 2(b).[6] If, however, he "persists in pleading guilty" in a felony case, the statutory default under Article 26.14 is different: in that event, the jury "shall" assess punishment, "unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to trial by jury." In this case, of course, the State did not consent to a waiver or jury trial under Article 1.13, and it is on the basis of its having withheld consent that the State now insists that the judge lacks the authority to assess Faulkner's punishment.

But what about Article 26.14's independent allusion to the defendant's option to "waive his right to trial by jury" under Article 37.07?[7] Judge Waldrip argues that Faulkner *did* independently "waive" jury punishment by failing to elect it prior to trial and falling back on Article 37.07(2)(b)'s default of assessment of punishment by the judge. Whether this argument is sustainable depends, it seems to me, upon what Article 26.14 means when it refers to an independent "right to trial by jury" that can be "waived" under Article 37.07.

---

[5] *Id*.

[6] TEX. CODE CRIM. PROC. art. 37.07 § 2(b).

[7] After all, Article 26.14 mandates jury punishment "unless the defendant in accordance with Articles 1.13 *or* 37.07 shall have waived his right to trial by jury." TEX. CODE CRIM. PROC. art. 26.14 (emphasis added).

To me, it is a puzzler. Right up until the 1965 revision to the Code of Criminal Procedure, the predecessors to Article 26.14, going all the way back to the Old Code of 1857, were absolute in their requirement of jury assessment of punishment in felony guilty plea cases.[8] There was no option to waive jury punishment. If Article 26.14 still read identically to its predecessors, then the State would clearly be entitled to the mandamus relief that it seeks in this case. Moreover, the added provision for waiver under Article 1.13 in current Article 26.14 would make no difference, since the State need not, and did not, consent to such a waiver in this case. Mandamus would still lie.

Judge Waldrip does well, therefore, to focus on Article 26.14's allusion to "waiver" of jury trial under Article 37.07. But therein lies the puzzle. Prior to the 1965 Code revision, all trials in Texas were unitary, whether on a plea of guilty or not guilty, before a judge or a jury.[9] With the advent of Article 37.07, the Legislature for the first time provided that a

---

[8]

Article 502 of the 1925 Code of Criminal Procedure read: "Where a defendant in a case of felony persists in pleading guilty, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon." Earlier versions of the statute were substantively the same going back to Article 479 of the Old Code. None provided for waiver of jury assessment of punishment for a guilty plea in a felony case.

[9]

George E. Dix & John M. Schmolesky, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 46:4, at 8 (3rd ed. 2011). We have observed that "it was an alien notion in both the days of the Republic and the early days of statehood that a citizen [could] be convicted of a felony offense other than by verdict of a jury, there being no procedural method whatever for waiver of jury in the trial of a felony until 1931." *Fairfield*, *supra*, at 775-76. *See* Acts 1931, 42nd Leg., ch. 43, p. 65. Between 1931 and the advent of Article 37.07 in 1966, all felony trials remained unitary.

felony trial on a plea of not guilty before a jury could be bifurcated.[10]  We have said that "the bifurcation statute applies only to pleas of not guilty before a jury."[11]  Nothing in Article 37.07, either as originally enacted or now, *explicitly* refers to any "waiver" of the statutory right to trial by jury to assess punishment on a guilty plea.

Within six months of the effective date of Article 37.07, this Court struggled with the interplay between newly-amended Article 26.14 and newly-minted Article 37.07, in *Rojas v. State*.[12]  Indicted for felony DWI, Rojas persisted in pleading guilty after he was arraigned, so the trial court empaneled a jury, "evidence was presented, and the jury was then instructed by the court to find [Rojas] guilty."[13]  But the trial court refused to submit the issue of punishment to the jury, instead assessing punishment itself.  On appeal, Rojas complained that the trial court erred to proceed under Article 37.07 instead of Article 26.14.  Writing for the Court on original submission, Judge Morrison held that, because Rojas had pled guilty, Article 26.14 controlled, noting that Article 37.07 "by its terms applies to pleas of not guilty alone."[14]  Turning to his application of newly amended Article 26.14, Judge Morrison

---

[10]  *See* Acts 1965, 59th Leg., ch. 722, p. 462.

[11]  *Barfield v. State*, 63 S.W.3d 446, 450 (Tex. Crim. App. 2001).

[12]  404 S.W.2d 30 (Tex. Crim. App. 1966).

[13]  *Id*. at 30.

[14]  *Id*.

observed that the Rojas had not waived his right to jury trial under Article 1.13, so there could be no judicial assessment of punishment on that account. With respect to Article 26.14's allusion to waiver under Article 37.07, Judge Morrison observed:

> In cases where Article 37.07, supra, is applicable the time for waiving the right to have the jury assess the punishment does not arrive until such jury has found the defendant guilty, hence it cannot be said that appellant had waived such right 'in accordance with Article 37.07.'
>
> To the contrary, he objected to the court's charge because the question of punishment was not submitted to the jury.
>
> A former draft of the Code had made provisions for election prior to the selection of the jury. This, and the possibility that the plea of guilty may be withdrawn during the trial, may explain the reference to Article 37.07 in Article 26.14.[15]

Because Rojas never waived his right to jury assessment of punishment, Judge Morrison held, the trial court reversibly erred to assess punishment itself.[16] This holding was upheld on rehearing.[17]

Judge Morrison was exactly right that, as originally enacted, Article 37.07, Section 2(b), provided for judicial assessment of punishment "except when the defendant, upon the

---

[15] *Id.* at 31.

[16] *Id.*

[17] *Id.* at 33-35.

return of a finding of guilty, requests that the punishment be assessed by the same jury."[18] Rojas himself made no such request, so he could not have "waived" the right to jury punishment under the provisions of Article 37.07 as it then read. Of course, now Article 37.07, Section 2(b), provides the same as the "former draft of the Code" to which Judge Morrison alluded, namely, that punishment shall be assessed by the judge unless the defendant "elects" jury assessment "in writing before the commencement of the voir dire examination of the jury panel[.]"[19] Thus, Judge Morrison seems to have contemplated that, by selecting the judge for punishment in accordance with Article 37.07, Section 2(b), a defendant who has pled guilty to a jury may nevertheless "waive" jury assessment of punishment within the meaning of Article 26.14's allusion to waiver of "his right to trial by jury" under Article 37.07. Presumably, this would remain true notwithstanding our subsequent holdings that a plea of guilty before a jury is a "unitary proceeding."

This is exactly the same position that Judge Waldrip takes now (although he does not cite our opinion in *Rojas*). Faulkner did not elect to go to the jury for punishment before the commencement of voir dire, he argues, and he thereby "waived" his right to jury-assessed punishment for purposes of Article 26.14.[20] I am unaware of any case since *Rojas* that

---

[18] *See* Acts 1965, 59th Leg., ch. 722, p. 462.

[19] TEX. CODE CRIM. PROC. art. 37.07 § 2(b).

[20] *See* Response to Application for Writ of Mandamus at 6-14.

definitively establishes that he is wrong to interpret the ambiguous statutory scheme in this way.[21] At most, the question remains unsettled. Under the circumstances, it seems to me that the law is too amorphous to justify mandamus action against the trial court.

As the court of appeals apparently concluded when it denied mandamus relief, I also conclude that the State has failed to demonstrate a clear right to the relief it seeks. Accordingly, I would not issue the writ of mandamus, and I respectfully dissent to the Court's decision today, albeit conditionally, to do so.

FILED:        November 14, 2012
PUBLISH

---

[21]

The closest the State can come to a holding that would definitively refute Judge Waldrip's argument is a short concurring opinion I once wrote to an opinion dismissing a petition for discretionary review as improvidently granted, in *Wilcox v. State*, 18 S.W.3d 637 (Tex. Crim. App. 2000). State's Petition for Writ of Mandamus at 17. Such an opinion has no authoritative value, and, in any event, I did not at that time consider the particular argument with respect to Article 26.14's allusion to Article 37.07 that Judge Waldrip relies on here.