**Affirmed and Memorandum Opinion filed October 6, 2011.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-10-00330-CR

————————

### DENNIS RAY WOMACK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 1132712**

# M E M O R A N D U M   O P I N I O N

A jury convicted appellant of the offense of possession with intent to deliver a controlled substance. On April 1, 2010, the trial court sentenced appellant to confinement for twelve years in the Institutional Division of the Texas Department of Criminal Justice.

SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. Specifically, appellant contends that the evidence was insufficient to affirmatively link him to the controlled substance, cocaine.

*Standard of Review*

The Texas Court of Criminal Appeals recently determined that the *Jackson v. Virginia*[1] standard is the only standard a reviewing court should apply to determine whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt. *See Brooks v. State,* 323 S.W.3d 893, 894 (Tex.Crim.App.2010) (plurality op.). Accordingly, under current Texas law, in reviewing appellant's issues we apply the *Jackson v. Virginia* standard and do not separately refer to legal or factual sufficiency. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307; *Brooks,* 323 S.W.3d at 899.

In a prosecution for possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew the substance was contraband. Tex. Health & Safety Code Ann. § 481.002(38) (Vernon 2010); *Evans v. State,* 202 S.W.3d 158, 161 (Tex.Crim.App.2006); *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988). The State does not have to prove that the accused had exclusive possession of the contraband. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim.App.1986). Possession can be jointly exercised by more than one person. *Taylor v.* State, 106 S.W.3d 827, 831 (Tex. App. – Dallas 2003, no pet.). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must affirmatively link the accused to the contraband. *Pollan v. State,* 612 S.W.2d 594, 596 (Tex.Crim.App.1981).

An affirmative link generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it. *Washington v. State,* 902 S.W.2d 649, 652 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd). Affirmative links between appellant and the contraband may be established by either direct or circumstantial

---

[1] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

evidence. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005). The evidence must establish the defendant's connection with the drug was more than fortuitous. *Evans,* 202 S.W.3d at 161. However, the link need not be so strong that it excludes every other reasonable hypothesis except the defendant's guilt. *Brown v. State,* 911 S.W.2d 744, 748 (Tex.Crim.App.1995). No set formula exists to dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. *Isbell v. State,* 246 S.W.3d 235, 238 (Tex.App.-Eastland 2007, no pet.); *Taylor,* 106 S.W.3d at 831. The number of factors present is not as important as the logical force or the degree to which the factors, alone or in combination, tend to affirmatively link the defendant to the contraband. *Isbell,* 246 S.W.3d at 238.

Factors that may affirmatively link an accused to contraband include: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of the narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; (14) whether the conduct of the defendant indicated a consciousness of guilt; (15) the amount of drugs found, and (16) whether the defendant possessed weapons. *Olivarez v. State,* 171 S.W.3d 283, 291 (Tex.App.-Houston [14th Dist.] 2005, no pet.); *Cuong Quoc Ly v. State,* 273 S.W.3d 778, 781 (Tex.App.-Houston [14th Dist.] 2008, pet. ref'd); and *Porter v. State,* 873 S.W.2d 729, 732 (Tex.App.-Dallas 1994, pet. ref'd). These factors are a non-exclusive list. *Evans,* 202 S.W.3d at 162 n. 12.

3

*Evidence at Trial*

A search warrant was executed at the home of Shirley Womack, Dennis Womack's mother. At that time, only Shirley and her common-law husband, Anthony James Mooten, were present. Shirley testified Dennis lived there off and on, and otherwise stayed with friends. In the room that Shirley identified as Dennis's, a scale was found. Shirley testified there were two other people who lived in the room. Although Shirley never saw the men, she heard them in that room and Dennis told her that he had two people that came from Beaumont.

A hall closet was found locked. Neither Shirley nor Mooten had a key to open the closet. Shirley testified she did not recall the closet being locked, did not know how long it had been locked, and she did not have a key. Mooten was searched and he did not have a key. Forced entry was made with a crowbar.

In the closet, police found cocaine. One rock of crack cocaine was found in the pocket of a black coat and the rest was found in a bag with the "EXXON" logo on it. The cocaine weighed 49 grams. According to Officer John Huston, the cocaine had a street value of $4,900. In another pocket of the black coat, $2,900 in cash was found. A .45 caliber semiautomatic pistol with the serial number scraped off was also in the closet. Officer Diana Bocangra testified that based on her training and experience, the cash, weapon, and amount of cocaine seized was evidence of possession with the intent to deliver.

Also found in the closet were two dry-cleaning receipts dated August 21, 2007, with the name "Dennis Womack." The search took place on August 29, 2007. Business cards with the names of "Dennis Womack" and two other men were on a shelf in the closet. Shirley identified suits in the closet as belonging to Dennis but testified she had not seen the "EXXON" bag before and never saw it with Dennis. No fingerprints were found on anything in the closet.

*Analysis*

The issue is whether the circumstances justify the jury's conclusion that appellant exercised care, custody, control, or management over the cocaine, that he knew the matter possessed was cocaine, and that he possessed the cocaine with intent to deliver it. Because appellant was not present when the search was conducted, many of the factors set forth above are not applicable. However, the cocaine was found in a locked closet that neither of the other occupants of the home could access. In that locked closet were items identified as belonging to appellant -- his suits and a dry-cleaning receipt with his name on it that was only eight days old. There was no evidence that anyone else had access to the closet. In addition to the cocaine, the closet contained other items consistent with drug trafficking, namely a large amount of cash and a gun. Also, a set of scales was found in appellant's room.

Thus the factors linking appellant to the cocaine are: the cocaine was accessible to appellant; other drug paraphernalia was present; the place where the cocaine was found was enclosed; in the same enclosed place a large amount of cash and a weapon were found; and the amount of cocaine seized was significant. We conclude, based on the entire record, that there were sufficient "affirmative links" established by the State to support the jury's finding that appellant knowingly and intentionally possessed the cocaine in question with intent to deliver. Accordingly, we overrule appellant's first issue.

## MOTION FOR DIRECTED VERDICT

Appellant's second issue claims the trial court erred in overruling his motion for instructed verdict because the evidence was insufficient to sustain his conviction. Because the evidence is sufficient to establish appellant's possession of the cocaine with intent to deliver, we conclude the trial court did not err in overruling appellant's motion for instructed verdict. *See Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990) (if

evidence sufficient to sustain conviction there is no error in denying instructed verdict). Appellant's second issue is overruled.

MOTION FOR MISTRIAL

In his third issue, appellant asserts the trial court erred in denying his motion for mistrial. The record reflects appellant moved for a mistrial following the exchange set forth below.

[The State]: Okay. Now two people were present in this location. Why couldn't they just open the door for you?

[Officer Bocangra]: They didn't have the key.

[The State]: So the two people in the home did not have access to this closet?

[Officer Bocangra]: No. She said it was her son's

[Defense Counsel]: Judge, I object to that. That is not responsive. –

THE COURT: Sustained.

[Defense Counsel]: And it's a declaration.

THE COURT: Sustained.

[Defense Counsel]: And I'd ask the jury be instructed to –

THE COURT: The jury is instructed to disregard that last comment.

[Defense Counsel]: And I move for a mistrial.

THE COURT: Denied at this time.

Appellant argues Officer Bocangra's hearsay testimony "was clearly harmful as connecting Appellant to the contraband discovered during the search was the critical issue." Appellant asserts the instruction to disregard was inadequate and ineffective.

We first note that Officer Bocangra's unresponsive answer was not the only evidence connecting appellant to the contraband. Absent this testimony, as set forth above, there were sufficient affirmative links to support the jury's verdict.

Furthermore, "where prejudicial information in an unresponsive answer is inadvertently placed before a jury, an instruction by the trial judge to disregard such answer will be sufficient to cure virtually *any* error." *Moore v. State*, 658 S.W.2d 312, 314-15 (Tex. App. – Houston [1st Dist.] 1983, pet. ref'd) (citing *Williams v. State,* 643 S.W.2d 136 (Tex. Crim. App. 1982)). "The instruction renders the error harmless, except in extreme cases where it appears that the improperly admitted evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Richards v. State*, 912 S.W.2d 374, 377-78 (Tex. App. – Houston [14th Dist.] 1995, pet. ref'd).

In this case, the witness' answer included hearsay and was not responsive to the question asked by the State. We find the State did not clearly calculate the question and answer to inflame the jurors' minds. We also find the answer was not of such a nature that it was impossible to withdraw the impression produced with an instruction to disregard. We hold the trial court's instruction to disregard cured any error. Accordingly, the trial court did not abuse its discretion by denying appellant's motion for mistrial. For these reasons, we overrule appellant's third issue.

## CONCLUSION

Having overruled all of appellant's issues, the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.

Do not publish - TEX. R. APP. P. 47.2(b).

7